THE STATE OF NEW JERSEY, RESPONDENT, v. BERRY F. McCARTY, PROSECUTOR.

Argued December 11, 1923—Decided December 18, 1923.

1. A person convicted of violating a provision of chapter 208 of the laws of 1921, which regulates the use and speed of motor vehicles, &c., has a choice of three methods of reviewing the conviction; *first,* by an appeal to the Court of Common Pleas; *second,* by a summary review of the legality of the conviction by a justice of the Supreme Court, and, *third,* by a writ of *certiorari.*

2. When a person has a choice of remedies to review a conviction under a statute he may not experiment with the methods of review, but must make his election, and *certiorari* to review the conviction will not lie where one or more of the other methods allowed him had been initiated by him and subsequently dismissed on his motion.

On *certiorari.*

Before Justice KALISCH, under the statute.

For the prosecutor, *James Mercer Davis* and *Ernest Watts.*

For the state, *Jay B. Tomlinson.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor was arrested, tried and convicted upon a complaint which charged him with a violation of subdivision 3 of section 14 of an act entitled "An act defining motor vehicles and providing for the registration of the same and the licensing of drivers thereof; fixing rules regulating the use and speed of motor vehicles; fixing the amount of license and registration fees; prescribing and regulating process and the service thereof and proceedings for the violation of the provisions of the act and penalties for said violation," approved April 8th, A. D. 1921 (*Pamph. L.* 1921, *p.* 642), and amendments thereof and supplements

thereto, and more particularly of that part of said subdivision 3 of section 14 which reads as follows:

"No person shall operate a motor vehicle while under the influence of intoxicating liquor or any narcotic or habit-producing drugs, or permit any person who may be under the influence of intoxicating liquor or narcotic or habit-producing drugs to operate any motor vehicle owned by him or in his custody or control" in the following respect, to wit: that the said Berry F. McCarty did, on the 4th day of November, A. D. 1923, on a public highway of the city of Bordentown, in the county of Burlington and State of New Jersey, to wit: on Burlington street, said Burlington street being at said time and place a public highway in the State of New Jersey, operate a motor vehicle while under the influence of intoxicating liquor and narcotic and habit-producing drug, all of which is contrary to and in violation of said subdivision 3 of section 14 of said act and against the form of said statute."

The form of conviction was in compliance with that directed and set forth in chapter 137 of the laws of 1923. *Pamph. L., p.* 298.

Subdivision 3 of section 14 of the act of 1921 was amended by chapter 136 of the laws of 1923 (*Pamph. L., p.* 297), by adding after the words "six months" the following: "in the common jail of the county wherein the offense was committed," and was not amended in any other respect.

The attack made upon the validity of the conviction is based upon the following grounds:

1. That the complaint and warrant charged defendant, the prosecutor here, with the violation of section 14, subdivision 3 of the act of 1921; but contains no specification of the act of 1923, constituting the amendment, except by the use of these general words: "and amendments thereof and supplement thereto" without stating where the said amendments or supplements are to be found and without giving the section of the act of 1923.

2. That the complaint, warrant and conviction were signed by Philip H. Brakely, Jr., with the word "magistrate" only,

and there is nothing thereon to indicate that he was acting as mayor of the city of Bordentown.

These two propositions are the only ones advanced and argued in the brief of counsel of the prosecutor for setting aside the conviction.

I do not, however, deem it necessary to pass upon the propositions presented for the following reasons:

The return of the magistrate to the writ shows that upon the conviction of the prosecutor the latter gave notice of appeal and filed such notice and an appeal bond in the sum of $500, with the magistrate, in conformity with section 27 of the act of 1921, page 679; that on the 16th day of November, 1923, the prosecutor lodged a notice of the withdrawal of his appeal with the magistrate. Now, section 28 of the act of 1921, *supra,* provides that wherever an appeal shall be taken according to the provision of section 27 it shall be the duty of the magistrate to send all papers and all money, if any deposited, according to the provisions of the act, and all money paid for costs of prosecution, together with a transcript of the proceeding in the case, to the next Court of Common Pleas of the said county, which court shall *de novo,* and in a summary way, try and determine all such appeals, and in case the judgment or sentence of the magistrate shall be reversed on such appeal, the said Common Pleas Court shall order the return of all money deposited, as aforesaid, and all costs of prosecution paid by said defendant to said magistrate.

No judicial action appears to have been taken upon the notice lodged with the magistrate by the prosecutor of the withdrawal of his appeal. For aught that appears the appeal is still pending.

It does not appear from the return to the writ, but it does appear from the record before me, that the prosecutor, by his own voluntary act, surrendered himself under his conviction and commitment to the sheriff of Burlington county, who in turn lodged the prosecutor in the Burlington county jail. It further appears that after the prosecutor was in custody, on November 17th, 1923, a verified petition was pre-

sented on his behalf to me, as a justice of the Supreme Court, in accordance with section 35 of the act of 1921, *supra,* praying for an order upon the magistrate to produce the complaint, process, &c., before me, so that the legality of the conviction of the prosecutor and the reasonableness of his sentence, which was for sixty days in the county jail, might be reviewed. The record shows that an order was made upon the magistrate as prayed for, and the day of hearing set for November 20th, 1923, at which time, on motion of counsel of petitioner, his petition was dismissed; which motion was granted. An application was then and there made for a writ of *certiorari* upon the two grounds which are above set forth. Upon reflection I am of the view that the writ was improvidently allowed and should be dismissed.

The prosecutor had three remedies to select from. He was not entitled to experiment with all three. He first elected to appeal, and after having perfected his appeal so far as was required of him by the statute, by giving notice of appeal and filing a bond in the sum of $500, he abandoned the prosecution of his appeal

I cannot distinguish the present case in principle from *Maguire* v. *Goldberger,* 71 *N. J. L.* 173, where the head note reads: "Where a judgment has been rendered in a District Court for a penalty imposed by the Oleomargarine act (*Pamph. L.* 1886, *p.* 107; *Gen Stat., p.* 1166) and there is open to the defendant the remedy by appeal under section 13 of said act to the Court of Quarter Sessions of the county, and also by a writ of *certiorari* to this court, and he elects to pursue the remedy by an appeal which is afterwards dismissed for want of prosecution, the remedy by *certiorari* is no longer available." See also *Illingworth* v. *Rich,* 58 *N. J. L.* 507; *Furman v. Motley,* 67 *Id.* 174.

In the latter-cited case Chief Justice Gummere (at *p.* 175) said: "The prosecutor bases his right to review the judgment now before us by *certiorari* upon the ground that the justice was without jurisdiction to render it. But, assuming this to be the case, the record sent up with the writ discloses that this remedy is no longer open to him. After the rendition

of the judgment he had the option of reviewing it by either of the methods mentioned. Exercising that option he removed it into the Court of Common Pleas by appeal. When the appeal came on to be heard it was dismissed for want of prosecution. He was entitled to have the judgment of the Small Cause Court reviewed either by appal or *certiorari,* as he should select; but not by both methods. Having selected the remedy by appeal his right to review by *certiorari* no longer exists.".

And so in the case *sub judice,* the prosecutor had the option of reviewing the judgment in three ways. He first selected an appeal and then abandoned. it. He next elected to have the judgment reviewed by a single justice, and upon the day set for the hearing upon the motion of his counsel caused the proceedings to be dismissed.

The fact that the prosecutor gave notice of the withdrawal of his appeal, and the fact that he caused his petition for review to be dismissed upon his own motion, do not differentiate this case in principle from those above cited, for in each there was a want of prosecution which led to a dismissal of the cause.

The writ is dismissed, with costs.