THE STATE OF NEW JERSEY, DEFENDANT, v. ISAAC
ROSENBLUM, PROSECUTOR.

Submitted June 6, 1924—Decided December 5, 1924.

1. An appeal to the Court of Common Pleas under section 27 of the
   Motor Vehicle act of 1921 (*Pamph. L.* 1921, *p.* 641), which pro-
   vides for a trial *de novo*, is not a precedure in accordance with
   the common law, but is a purely statutory proceeding in which
   there must be a strict observance of the statutory mandate, but
   in such an appeal the Court of Common Pleas is not limited to
   a trial *de novo* upon the facts, but must also consider the pro-
   ceedings before the magistrate to see if jurisdiction was properly
   acquired, and that such proceedings before the magistrate were in
   compliance with the statute.
2. Upon an appeal to the Court of Common Pleas from a convic-
   tion of a violation of the Motor Vehicle act of 1921 (*Pamph. L.*
   1921, *p.* 643), an order made by that court *ipso facto* nullifies
   the order of the magistrate, so that the Supreme Court upon
   *certiorari* is only concerned with the regularity of the proceed-
   ings in the Court of Common Pleas and the judicial question
   presented, whether or not the magistrate has, in substance, com-
   plied with the essential requirements of the statute.
3. The amendment of section 14 of the Motor Vehicle act by chap-
   ter 136 of the laws of 1923 in nowise changed the character of
   the offense, or the penalty to be inflicted, for operating a motor
   vehicle while under the influence of intoxicating liquor, the clear
   design of the amendment being to designate more specifically
   what was already implied in the original act that the imprison-
   ment for the offense shall be in the county jail; hence, a com-
   plaint that charges a violation of the original section, without
   referring to the amendment, is legally sufficient.
4. Where the record of conviction on appeal in the Court of Com-
   mon Pleas for operating a motor vehicle upon the public highway
   while under the influence of intoxicating liquor recites the pro-
   ceedings, and finds the defendant guilty of the offense penalized
   by the statute recited therein, the fact that the conviction, un-
   necessarily and erroneously, proceeded to refer to a violation of
   the Motor Vehicle act of 1919, section 4, paragraph 3 (no such
   statute of that date being in existence), does not invalidate the
   conviction, especially where it appears that the complaint cor-
   rectly set forth the statute violated, and the reference to a
   statute of 1919 was a clerical error and mere surplusage.

On *certiorari* to the Mercer County Common Pleas Court.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Harry Heher.*

For the state, *Harvey T. Satterthwaite.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor was convicted in the recorder's court of the township of Lawrence, upon a complaint charging him with operating a motor vehicle on a public highway in said township on the 31st day of October, 1923, while under the influence of intoxicating liquor, &c., in violation of subdivision 3 of section 14 of the Motor Vehicle act (*Pamph. L.* 1921, *ch.* 208), and was sentenced by the recorder upon conviction to imprisonment in the Mercer county jail for a term of thirty days.

From this conviction and judgment the prosecutor appealed to the Mercer County Court of Common Pleas, where the case was tried *de novo,* as directed by the Motor Vehicle act, *supra.*

Where an appeal is taken, by virtue of section 27 of the act referred to, the succeeding section, twenty-eight, provides that it shall be the duty of the magistrate to send all papers and all money, if any, deposited according to the preceding section, and all money paid for costs of prosecution, together with a transcript of the proceedings in the case to the next Court of Common Pleas of the said county, which court shall *de novo,* and in a summary way, try and determine such appeal, and, in case the judgment or sentence of the magistrate shall be reversed on such appeal, the said Common Pleas Court shall order the return of all money deposited as aforesaid, and all costs of prosecution paid by the latter.

The significance of this section is that in this class of cases the Common Pleas Court sits as a statutory tribunal. True, it is a court of general jurisdiction, where the procedure is in accordance with the common law, but in cases arising under the provisions of the statute in question its jurisdiction is statutory and special. The course of pro-

cedure provided is not in accordance with the common law. Hence, it follows that any of the essential steps taken in a cause by a court in the exercise of this special jurisdiction conferred upon it by statute, can only find legal sanction when it appears that there has been a rigid observance of the statutory mandate. The legal principles which are applied to procedure in cases of bastardy, desertion, removal of paupers, penal statutes and summary proceedings, generally, are applicable here.

Chief Justice Green, in *Overseers of Princeton* v. *Overseer of South Brunswick, 23 N. J. L.,* speaking for the Supreme Court (at *pp.* 172, 173), says: "The legal principles by which the decision of this case must be governed have been too long and firmly settled to admit, at this day, of doubt and controversy."

"Two justices, in making an order for the removal of a pauper or person likely to become chargeable, exercise a special statutory authority, which must be strictly pursued, or their acts are invalid. Everything necessary to confer jurisdiction must not only be done, but must appear upon the face of the proceedings to have been done. There can be no intendment in support of their proceedings. The case must appear to have been within the scope of their authority, otherwise their act will be deemed an usurpation of power and their proceedings *coram non judice.* In such cases there can be no trial upon the merits before the Session.  *  *  * *Chittinston* v. *Penhurst,* 2 *Salk.* 473, 475; *S. C., 5 Mod.* 149; *Rex* v. *Dobbyn, 2 Salk.* 474; *Rex* v. *Stepney, Burr. Sett. Cas.* 23."

"The principle is of universal application to all tribunals exercising a special statutory authority. The legal presumption is [not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction], but that a cause *is* without its jurisdiction till the contrary appears." Cases cited.  *  *  * "But it is well settled that an omission to state upon the face of the order any of the essential elements of the jurisdiction of the tribunal is a defect, not of form, but of substance." Cases cited.

It is pertinent to this discussion to note here that the general jurisdiction of the Court of Common Pleas has always been limited to cases of a civil nature only. The history of the legislation of this state relating to the trial of cases of a *quasi*-criminal nature or appeals therefrom shows that the common law procedure was strictly adhered to, in that the jurisdiction to try and determine such cases was invariably conferred upon the Sessions Court, except in civil actions on penal statutes to recover a penalty.

The offense created by the statutory provision in question, of which the prosecutor was convicted, is purely criminal in character. No question has been raised as to the power of the legislature to confer the right of appeal in a criminal case to a court whose jurisdiction before and after the adoption of the constitution has been confined to the exercise of jurisdiction in civil cases. But on the assumption that the jurisdiction was constitutionally conferred upon the court, in dealing with the case under review, the court was limited to a strict adherence to the provisions of the statute, and, therefore, under the law, as settled in this state, nothing in the record could be left to intendment.

Keeping in view all that has been said upon the subject of the special jurisdiction of the Court of Common Pleas, and the necessity that it should appear that there was a strict compliance with the provisions of the statute, it is quite apparent, from a plain reading of section 28, that the Court of Common Pleas is not solely limited to a trial *de novo* upon the facts, but must take into consideration the transcript of the initial statutory proceedings, for if it should appear upon the face of the complaint that the magistrate had no jurisdiction of the subject-matter complained of, or had not acquired jurisdiction of the person, the latter not voluntarily appearing, and going to trial under protest, or that there was substantive defect in the statutory proceedings, the court would be warranted to reverse the judgment and pursue the course pointed out by section 28 of the statute.

We are further of the view that the party appealing is entitled to raise in the Court of Common Pleas all questions relating to defects of substance, in the proceedings in the court of first instance, unless such procedual defects were waived by him by his going voluntarily to trial, without objecting to the procedure.

In the present case the magistrate sent up to the Common Pleas Court the conviction of the prosecutor, in the manner and form as prescribed by a supplement to the act of 1921, which supplement is chapter 137 of *Pamph. L.* 1923, *p.* 298, and also a transcript of the proceedings in the case. By the latter it appears that all the requirements of the provisions of the statute under which the prosecutor was arrested, arraigned, tried, convicted and sentenced were complied with.

As the case is tried *de novo,* on the appeal, in the Court of Common Pleas, the order made by it, *ipso facto,* nullifies the order of the magistrate. See *State, Dunn, Pros.,* v. *Overseer of the Poor,* 32 *N. J. L.* 275, 284. We are, therefore, only concerned with the regularity of the proceedings in the Court of Common Pleas and the jurisdictional question presented there, whether or not there was a sworn complaint on file in the recorder's court at the time of the trial of the prosecutor, for if there was no sworn complaint, the magistrate was without jurisdiction, and the prosecutor would be entitled to a reversal.

The record of the Common Pleas Court shows that the jurisdiction of the recorder was challenged, on the appeal, upon the ground that there was no sworn complaint on file before the recorder at the time of the prosecutor's trial, in that the *jurat* was not signed by the magistrate. Thereupon testimony was taken as to what the fact was. In support of the challenge on behalf of the prosecutor, Mr. Chamberlain was called, and he testified that a day or two following the prosecutor's conviction he called at the office of the recorder and requested to see the papers in the case, and was shown a complaint signed by Walter E. Smith, charging the prosecutor with the offense of which he had been convicted, but that the *jurat* was not signed by the recorder. The witness,

however, left it uncertain whether he saw the original papers. On behalf of the state the complaining witness was called, and he testified that he had been sworn to the complaint after signing it. On cross-examination he said that he was not certain whether this was before the trial began, but was sure it was before the trial was closed. The transcript of the magistrate sets out that he drew a complaint and read it to the complaining witness Walter E. Smith, who swore to and signed the same, and thereupon a warrant was issued to apprehend the prosecutor; that the complaint was read to the prosecutor, who pleaded not guilty, and expressed his wish that the trial proceed at once. After the testimony on the issue of fact was concluded as to the alleged irregularities in the complaint, it was moved on behalf of the prosecutor to dismiss the case "for irregularities in the complaint," which motion was denied, and, we think, properly so. We are of the view that, from the evidence before the Common Pleas Court, it was warranted in finding that the complaint had been sworn to by the complaining witness at the time, as certified to by the magistrate, in the transcript sent up to the court.

The objection to the complaint that it did not properly charge the prosecutor with the violation of the provisions of the Motor Vehicle act prohibiting the driver of a motor vehicle from operating the same while under the influence of intoxicating liquor, because the complaint charged the prosecutor with the violation of the provision of section 14, paragraph 3 of the Motor Vehicle act of 1921 (*Pamph. L.* 1921, *ch.* 208), and did not charge such violation of the act of 1921, as amended by chapter 136, *Pamph. L.* 1923, appears to us not to be well founded.

The amendment in nowise changed subdivision 3, but left it as it originally was enacted, with the exception that to the provision in the section which reads: "Any person who shall violate this provision shall, upon conviction thereof, be punished by an imprisonment of not less than thirty days and not more than six months," there was added the following: "in the common jail of the county wherein the offense was committed."

We think that the section as it originally stood was sufficient to carry with it in the use of the term "imprisonment" an imprisonment in the county jail where the offense was committed. In this state it has been held that where a statute provides "imprisonment" without the addition "and at hard labor," it means imprisonment in the county jail, *State* v. *Gray,* 37 *N. J. L.* 368 (at *p.* 369). By article 3 of the State Prison act (4 *Comp. Stat., p.* 4910), the keeper of the prison can only properly receive persons sentenced to imprisonment and at hard labor for any term not less than six months.

The legislature evidently, in order to settle any doubt that might arise regarding the matter, deemed it to be advisable to explicitly declare what was meant by the term "imprisonment" by an amendment to the original act.

But this did not make it necessary to refer to the amendment in the complaint. The amendment neither added nor substracted any ingredient to or from the offense. It may very well be that if there had been a substantial change made in the nature of the offense denounced by the amendment, so that the charge in the complaint of a violation of the original act did not fully inform the accused of the true nature of the offense, that an omission to charge in the complaint a violation of the section of the original statute and the statute amending the same would be fatal.

Lastly, it is argued that there was no adjudication of guilt in the Court of Common Pleas on the charge contained in the complaint.

The two grounds relied on in the prosecutor's brief are— *first,* that the Court of Common Pleas adjudicated the prosecutor to be guilty of a violation of section 4, paragraph 3 of the Motor Vehicle act of 1919, whereas the complaint charged a violation of subdivision 3 of section 14 of the Motor Vehicle act of 1921, and *secondly,* because the conviction is not in form and substance as prescribed by chapter 137. *Pamph. L.* 1923, *p.* 298.

Taking up for consideration the latter contention first, it seems to us that a plain reading of chapter 137, *supra,* is

not applicable to convictions had in the Court of Common Pleas under the statute in cases tried there, on appeal, *de novo*. The act, invoked, manifestly refers to convictions had in the courts of first instance, such as are held by a justice of the peace, recorder, police justice, &c. See section 25, page 677, and section 38, page 686 of the Motor Vehicle act of 1921.

Now, taking up the first contention that there was no conviction of guilt of the prosecutor in the Court of Common Pleas on the charge contained in the complaint, we find that this claim is not supported by the record of conviction, as contained in the transcript of the proceedings certified to this court. After a recitation of the proceedings, the court says: "The court thereupon announced that it found the defendant guilty of operating a motor vehicle upon a public highway, to wit, the Brunswick pike, in the county of Mercer, on the 31st day of October, 1923, while under the influence of intoxicating liquor, and ordered that the defendant return for sentence before the court on Friday, the 4th day of January, 1924.   *   *   *   The court does thereupon formally adjudge and find the defendant guilty of violating section 4, paragraph 3 of the Motor Vehicle act of 1919, and the amendments thereto and supplements thereof, in that he did operate a motor vehicle over a public highway as aforesaid while under the influence of intoxicating liquor."

While it does appear that there is no Motor Vehicle act of 1919, section 4 and paragraph 3, nevertheless, since the complaint charged a violation of subdivision 3 of section 14 of the act of 1921, and set out, in terms, the section alleged to have been violated, and upon which complaint the prosecutor was tried and convicted, it is quite clear that by the use of the phrase, "in that he did operate a motor vehicle over a public highway as aforesaid," the court referred to its antecedent finding, as appears in the conviction record, and made definite that the court found the prosecutor guilty of the offense as charged against him in the complaint. Moreover, the language of the conviction, viz., "of violating section 4, paragraph 3 of the Motor Vehicle act of 1919," was,

manifestly, a clerical error, and, at any rate, was a mere redundancy.

Of course, if the conviction was simply rested upon a non-existent section and paragraph of a non-existent statute of 1919, obviously, such conviction would be a nullity, and would require as to reverse the judgment. But, as already pointed out, this is not the case here. The language of the conviction before us must be read in its entirety, and if this be done it must result in treating the reference to the non-existent section and paragraph of the non-existent statute of 1919, as surplusage, so long as there is sufficient in the language of the conviction to indicate clearly the proper section and paragraph of the Motor Vehicle act of 1921, of the violation of which the prosecutor was found guilty.

That the record of conviction clearly indicates that prosecutor's conviction was based upon a violation of subdivision 3 of section 14 of the Motor Vehicle act of 1921, is made apparent by the statement in the record that the charge was read to the defendant, and he pleaded not guilty. For the complaint not only sets forth the proper subdivision and section of the statute of 1921, but also the language of the sub division, with the violation of which the prosecutor was charged. The record of conviction recites the arraignment, testimony of witnesses and the conviction.

We have pursued the subject far enough to demonstrate that the grounds urged on behalf of the prosecutor against the validity of the conviction are without legal support.

For the reasons given the judgment of the Court of Common Pleas is affirmed.