THE STATE, DEFENDANT IN CERTIORARI, v. GEORGE BAILEY, PROSECUTOR.

Decided March 12, 1925.

**Motor Vehicle—Driving in Intoxicated Condition—Proof of Guilt Clear as Appeared From Testimony—Prosecutor Did Not Plead in Common Pleas Court Upon Hearing to Set Aside Conviction—Summary Proceedings, From Time Immemorial There Have Been No Formal Pleadings—Complaint Not Fatally Defective Because It Did Not Charge Violation Under Amendment of 1923 to Motor Vehicle Act.**

On *certiorari* to Mercer County Common Pleas Court.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *John L. Heher.*

For the state, *Romulus P. Rimo.*

PER CURIAM.

The prosecutor was convicted in the police court of the city of Trenton on September 19th, 1923, upon a complaint charging that he did, on the 11th day of September, 1923, operate and drive an automobile upon South Broad street, in said city, under the influence of intoxicating liquor, in violation of paragraph 3, section 14 of the Motor Vehicle act of April 8th, 1921. Upon this conviction the prosecutor was sentenced to imprisonment in the county jail of Mercer county for a period of thirty days. From this conviction the prosecutor appealed to the Court of Common Pleas, where he had a trial *de novo,* and was again convicted and sentenced to a like punishment as pronounced in the police court.

The first reason presented for reversal of the conviction and judgment is, that the testimony adduced upon the appeal was not sufficient to prove the offense alleged in the complaint. A fair reading of the testimony clearly demonstrates that the prosecutor's contention is wholly without merit. The proof was clear and convincing that the prosecutor operated his car on a public highway in the city of Trenton while under the influence of liquor.

The second reason urged for setting aside the conviction is, that the prosecutor did not plead in the Court of Common Pleas upon the hearing of the appeal to the offense alleged in the complaint, and because the record of conviction in said court does not contain a plea by the prosecutor to the offense.

It is to be observed that the proceeding was a summary one, based upon a penal statute.

From time immemorial whereof the memory of man runneth not to the contrary in this class of cases, there were no formal pleadings, such as obtained in proceedings in the course of the common law, based upon an indictable offense. An examination of the early cases uniformly discloses that,

where the proceedings were directed by the statute to be summary in their nature, the offender was arrested or summoned, as the case may be, and brought before the magistrate, who either read the complaint to the accused or informed him of its contents, and it was then open to the accused to either admit his guilt or request a trial on the charge against him. We have not been referred to any case where a plea was required of the accused before the magistrate had jurisdiction to try the case. The statute, which was the basis of the present proceeding, makes no provision for any formal plea to be entered by an accused to the complaint. It was therefore unnecessary that it should appear in the record, sent up by the magistrate's court to the Common Pleas Court, that there was a plea taken. The magistrate's record is in the form of, and complies with, the statute underlying these proceedings.

Now, what has been said in regard to the procedure in the magistrate's court applies with equal force to the case on appeal in the Court of Common Pleas. There is, however, a stronger ground, if this be possible, why the insistence of counsel for prosecutor, that because no plea was taken in the Common Pleas Court of the accused appellant, that, therefore, the court was without jurisdiction, cannot prevail. The accused came into the Court of Common Pleas upon his appeal, and asked that tribunal for a trial *de novo* on the facts. This was accorded him. The circumstance that he requested a trial *de novo* on the facts was tantamount to a plea of not guilty to the complaint made against him. No legal right of his, under the statute, in failing to take a plea, was thereby violated.

Point three, relied on by counsel for the prosecutor, is that the complaint is fatally defective, in that it does not charge a violation of the proper statute.

The complaint charges a violation of paragraph 3, section 14 of the Motor Vehicle act. There was an amendment to the act passed in 1923, and no mention is made of that act in the complaint. We had occasion to deal with the question

raised in *State* v. *Rosenblum,* 2 *N. J. Adv. R.* 1882; 126 *Atl. Rep.* 852, and what was said there, in the opinion of this court in that case, controls here.

The amendment did not alter the substance of the section of the act of 1921, but left it as it was, except to add to the words, "not less than thirty days and not more than six months," the words, "in the common jail of the county wherein the offense was committed," and it was pointed out in the case referred to that this amendment was wholly unnecessary.

Under point 4 it is argued, on behalf of the prosecutor, that the act of 1923 is unconstitutional, because the object of the act is not expressed in the title, and because the amendment therein mentioned is not made in accordance with the provisions of the constitution.

In the view we have taken of the case before us we do not deem it necessary to pass upon this question, since in either aspect, whether the act be valid or invalid, it cannot properly affect the conviction had under the act of 1921.

Lastly, it is argued on behalf of the prosecutor, though glaringly inconsistent with the claim made that the act is unconstitutional, that the failure of the Court of Common Pleas in the conviction and commitment of the prosecutor to observe the provisions of the act of 1923, entitles the prosecutor to a reversal.

We have pointed out in *State* v. *Rosenblum, supra,* that the statute, as to the form of conviction and commitment, applied only to the courts of first instance and not to the Common Pleas Court.

The writ is dismissed, and the judgment of the Common Pleas Court is affirmed, with costs.