THE STATE OF NEW JERSEY, RESPONDENT, v. ISAAC ROSENBLUM, APPELLANT.

Submitted May 29, 1925—Decided October 21, 1925.

Where a defendant in a proceeding before a magistrate for a violation of section 14, item 3 of the statute of 1921 (*Pamph. L., p.* 643), which prohibits the driving of a motor vehicle by any person while under the influence of intoxicating liquor, makes an application for a discharge for lack of jurisdiction over his person, and such application is denied by the magistrate without legal justification, he may fully protect his rights by refusing to take part in the trial on its merits, and then, if he desires to be relieved of its result, obtain a review thereof either by appeal to the Common Pleas or by *certiorari;* but when, instead of so doing, he voluntarily takes part in the trial on the merits, he submits his person to the jurisdiction of the magistrate, and cannot thereafter be heard to deny the existence of that jurisdiction, and this applies, not only to the proceedings in the magistrate's court, but also to those had in the Court of Common Pleas or appeal.

On appeal from the Supreme Court, whose opinion is reported in 100 *N. J. L.* 240.

For the appellant, *Harry Heher.*

For the respondent, *Harvey T. Satterthwaite.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Isaac Rosenblum, the appellant, was convicted in the recorder's court of the township of Lawrence, in the county of Mercer, of a violation of section 14, item 3, of the statute of 1921 (*Pamph. L., p.* 643), which prohibits the driving of a motor vehicle by any person while under the influence of intoxicating liquor, and makes such act punishable by imprisonment. He appealed from this conviction to the Court of Common Pleas of the county, and when the case was called he moved a dismissal for irregularities appearing in the complaint made before the recorder. The motion was refused, and the court thereupon, pursuant to the authority conferred upon it by section

28 of the statute, proceeded to a trial upon the merits. This trial resulted in an affirmance of his conviction upon the charge laid against him in the recorder's court. He then applied to the Supreme Court for, and was allowed, a writ of *certiorari* to review the conviction had against him in the Court of Common Pleas. Upon the hearing had upon the return of the writ, the Supreme Court affirmed that conviction for the reasons set forth in detail in an opinion promulgated by that tribunal. The judgment of affirmance is now before us for review.

We concur in the conclusions expressed in the opinion of the Supreme Court on the meritorious questions involved, and are content to adopt that opinion as our own, except as hereinafter indicated.

The Supreme Court, after pointing out that the jurisdiction conferred by the statute upon the Court of Common Pleas is special, and that the procedure in that court is summary, expressed the view, as we understand the opinion, that should it appear to that court, upon the face of the complaint made before the magistrate, that the latter had no jurisdiction of the subject-matter complained of, or if it should appear that the magistrate had not obtained jurisdiction of the person of the party against whom the complaint had been lodged, the latter not appearing voluntarily, and going to trial under protest, the appellate tribunal should forthwith, upon the application of the appellant, reverse the conviction had before the magistrate, and that not only would a refusal to reverse for either of these reasons be harmful error, but that a new trial on the merits held thereafter, against the protest of the appellant, would itself be nugatory. We, of course, concur in the view that, when it appears upon the face of the complaint that the magistrate has no jurisdiction over *the subject-matter* complained of, a conviction had upon that complaint, either in the magistrate's court or in the Common Pleas, is a nullity. We do not, however, approve the proposition that where the magistrate has jurisdiction over the subject-matter, but has not obtained jurisdiction over the person against whom the complaint is laid, the latter, when brought into court against

his will, after being refused a discharge for lack of jurisdiction over his person, may, by protesting against a trial on the merits, if he afterwards takes part in such trial, defeat the result thereof if the case is decided against him, but affirm its validity if the decision is in his favor. If his application for discharge for lack of jurisdiction over his person is denied by the magistrate without legal justification, he may fully protect his rights by refusing to take part in the trial on the merits, and then, if he desires to be relieved of its result, obtain a review thereof either by appeal to the Common Pleas or by *certiorari;* but when, instead of doing this, he voluntarily takes part in the trial of the cause on the merits and undertakes to establish his innocence of the charge, he submits his person to the jurisdiction of the magistrate, notwithstanding his protest, and cannot thereafter be heard to deny the existence of that jurisdiction.

And this applies, not only to the proceedings had in the magistrate's court, but also to those had in the Court of Common Pleas on appeal. If the appellant, having refused to take part in the trial of the cause in the magistrate's court, upon the ground that jurisdiction over his person had not been obtained, on his appeal to the Court of Common Pleas unsuccessfully seeks a reversal of the conviction in the lower court on that ground, he may then refuse to be a party to a trial *de novo* in the latter tribunal, and thereafter have a review of the appellate proceedings on *certiorari;* or he may, if he desires, take part in the trial *de novo* had in the Common Pleas and defend against the truth of the charge laid against him in the original complaint. And, if he sees fit to take the latter course, he cannot thereafter challenge the jurisdiction of that court over his person, notwithstanding that at the outset of the new trial he has protested against its being proceeded with.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 11.

*For reversal*—None.