THE STATE OF NEW JERSEY, APPELLANT, v. MAURICE F. BAKER, RESPONDENT.

Submitted October 29, 1925—Decided June 24, 1926.

A defendant, after having submitted to the jurisdiction of the recorder's court, and proceeding to trial upon the merits, and again submitting himself upon a trial *de novo* in the Court of Common Pleas, instituted by his own appeal to that jurisdiction, cannot, upon appeal, challenge the legal right of those courts to try him upon the complaint entertained against him for a violation of the provisions of the Motor Vehicle act.

---

On appeal from the Supreme Court, whose *per curiam* is printed in 3 *N. J. Mis. R.* 532.

For the state, *John O. Bigelow.*

For the respondent, *Howard Isherwood.*

The opinion of the court was delivered by

MINTURN, J.   The case presents an appeal from the Su-
preme Court, which affirmed a judgment of the Court of
Common Pleas of Essex county, dismissing an appeal of the
defendant from the judgment of conviction rendered against
him by the recorder's court of East Orange.   The defendant
was arrested on August 30th last for driving an automobile
upon the streets of East Orange while he was in an intoxi-
cated condition.   He was detained over night at the police
station, and released the next morning, under bail, by the
clerk of the recorder's court.   No written complaint was
entered, and no warrant was issued against him.   A day
(September 5th) was set for the hearing, at which time the
defendant appeared with counsel, but the hearing was post-
poned until September 8th.   Nothing further seems to have
been done upon that proceeding, but on September 11th or
12th a police officer made a further complaint in the re-
corder's court that the defendant on August 30th had vio-
lated the Motor Vehicle act while under the influence of in-
toxicating liquor, and that complaint was taken, in writing,
by the clerk of the court.   On the 12th of September the
case was moved for trial, and defendant moved to dismiss
upon the ground that no warrant had yet been issued.   The
case was again continued and the defendant was arrested
upon a warrant issued by the clerk, tested in the name of
the recorder, and his trial proceeded upon that day before
the recorder, who found him guilty.   An appeal was taken
to the Court of Common Pleas, which, under the twenty-
seventh section of the Motor Vehicle act, required a trial
*de novo.*   Upon that hearing no question was made by the
defendant as to the jurisdictional legality of his conviction
before the recorder, nor was the question of the jurisdiction
of that tribunal, or the Court of Common Pleas, in anywise
mooted.   The latter court, upon motion after a hearing, dis-
missed the complaint, and discharged the defendant upon
the ground that the legislative act in question is a *quasi*-
criminal act, and as such must be strictly construed against
the state; that the original arrest of defendant was made

without warrant, pursuant to section 31 of the Motor Vehicle act (*Pamph. L.* 1921, *pp.* 680, 681), which requires the officer to bring the offender before a magistrate and "forthwith" make a complaint, with which requirement the officer failed to comply, and, hence, the recorder was without jurisdiction. The Supreme Court affirmed that conclusion, but further adjudicated that the power vested in the recorder by the statute to issue a warrant could not be delegated by him to the clerk of the court, and that this procedural lapsus presented a further failure of jurisdiction.

The state contends that in virtue of certain legislative acts regulating the powers of recorder's courts and applicable to East Orange (*Pamph. L.* 1910, *p.* 112; 3 *Comp. Stat., p.* 4007; *Pamph. L.* 1916, *p.* 143), the power, not only to take complaints and affidavits, but also the power to issue process tested in the name of the court has been conferred upon the clerk. We do not find it necessary to determine the legal questions of statutory construction, which present the basis for the determination of the Court of Common Pleas and the Supreme Court. For our purpose the construction of the jurisdictional power of the recorder's court, as well as the strictness of construction applicable to the proceeding may be conceded, without reaching a similar conclusion adjudicating the illegality of this conviction.

The defendant, it will be observed, sought his liberty upon bail upon an arrest otherwise legally made, and was, accordingly, duly discharged. The clerk of the recorder's court, at least, possessed sufficient power under the statute in that regard, and the defendant thereby submitted himself to the jurisdiction. Thereafter a complaint was filed and a warrant issued, upon which, without objection, he again submitted himself to the jurisdiction, and proceeded to a trial upon the merits, resulting in his conviction. Again, recognizing the jurisdictional status, he appealed to the Common Pleas, where upon a trial *de novo* he failed to raise the question as to the jurisdictional status of the recorder's court, or that of the Pleas, but stood upon the alleged illegal procedure of the officials below, resulting in his conviction.

Upon that ground, and no other, the Common Pleas, again rehearing the case upon the merits, dismissed the complaint, not because the lower court had not acquired jurisdiction, but because of failure by the city officials to pursue the statutory method of procedure, and the Supreme Court following a similar trend of thought, ignoring entirely the absence in the record of any plea or challenge to the jurisdiction by the defendant, reached a similar conclusion.

The question thus presents itself, Can the defendant after having submitted to the jurisdiction of the recorder's court, and proceeding to trial upon the merits, and again submitting himself upon a trial *de novo* in the Pleas, instituted by his own appeal to that jurisdiction, now challenge the legal right of those courts to try him upon the complaint? Both of those courts, it is manifest, possessed the statutory power to try him, and the absence of jurisdiction in the courts themselves to hear and determine the issue of his guilt cannot, therefore, be questioned.

Had he been desirous *in limine* to challenge the jurisdiction of the recorder's court, a summary review, before a justice of the Supreme Court, or the issuance of a writ of *certiorari* could have been invoked, as his appropriate remedy. But, manifestly, having acquiesced in the jurisdiction, and tried his case upon the merits, he is estopped from contesting that question at this stage of the proceedings, or upon a trial *de novo* in the Common Pleas, which, under the statute, recognizes the jurisdiction from which the appeal has been taken, and hears and determines the case upon the merits. *Cooley Const. Lim.* 588; *State* v. *Rosenblum, ante,* p. 125.

In quite an early case in England (*Furnival* v. *Stringer,* 1 *B. N. C.* 68—8 *E. L. R.*), the rule in such a situation was laid down as follows: "If the venue of an action is laid in the wrong place, and this done *per assensum partium,* with the consent of both parties, and so entered of record, it shall stand; and where by consent of both plaintiff and defendant the venue was laid in London, it was held that no objection could afterwards be taken to the venue, notwithstanding it

ought, under a special act of parliament, to have been laid in Surrey for *per curiam, 'consensus tollit errorem.'* " To the same effect are *King* v. *Stone,* 1 *East* 637; 102 *Eng. Rep.* 247; *Rex* v. *Aikin,* 3 *Burr.* 1785; 97 *Eng. Rep.* 1098.

This legal rule has been quite uniformly followed by our state and federal jurisdictions, so that the consensus of authority is now thus formulated. "While it is true that no consent of parties can give a court jurisdiction of the subject-matter of a suit, which the court did not have without such consent, it is equally true that a court can obtain jurisdiction over a person, by the consent of such person. This rule is based on the fact that it is a mere personal privilege of a defendant to insist that he be personally served with a summons, within the jurisdiction of the court, or that jurisdiction of his person be acquired in some other legal manner, and that, being a personal privilege, he may consent to the jurisdiction of a court without exacting performance of the usual legal formalities." 7 *R. C. L.* 1040, and cases cited; 15 *C. J.* 807, and cases cited.

In this jurisdiction the rule thus formulated is supported by the adjudications both of this and the Supreme Court in the following cases: *Hillman* v. *Hayden,* 5 *N. J. L.* 575; *Vanderveer* v. *Ingleton,* 7 *Id.* 140; *State* v. *Lakewood Market Co.,* 84 *Id.* 512; *State Board* v. *Giedroyc,* 91 *Id.* 61; *State* v. *Rosenblum, supra.*

So, also, in *Michigan Trust Co.* v. *Ferry,* 228 *U. S.* 353, Mr. Justice Holmes observes: "Ordinarily, jurisdiction over a person is based on the power of the sovereign asserting it, to seize that person and imprison him, to await the sovereign's pleasure. But when that power exists, and is asserted by service at the beginning of a cause, or if the party submits to the jurisdiction, in whatever form may be required, we dispense with the necessity of maintaining the physical power, and attribute the same force to the judgment or decree, whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one could dispute." To the same effect are *McDonald* v. *Mabee,* 243 *U. S.* 90; *P. F. Insurance Co.* v. *Gold Issue,* 243 *Id.* 93.

The defendant having thus submitted himself to the jurisdiction, and tried the issue upon the merits before the recorder's court, that court, in the first instance, acquired jurisdiction, and the judgment of conviction there rendered presented a valid basis for the appeal taken, which should have been heard *de novo* by the Common Pleas.

To that end the judgment of the Supreme Court will be reversed, and the record ordered remitted to the Common Pleas, for the purpose of a trial *de novo,* as provided by the statute.

*For affirmance*—KAYS, HETFIELD, JJ.  2.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, JJ.  10.