JAMES GOODMAN AND LEWIS MOLNAR, PROSECUTORS, v. FRANK H. EGGERS, JUDGE OF THE FIRST CRIMINAL COURT OF JERSEY CITY, RESPONDENT.

Submitted May 12, 1933—Decided September 27, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Raskin & Hornstein* (*Isidore Hornstein*).

For the respondent, *James A. Hamill* (*Charles A. Rooney*).

PER CURIAM.

The writ brings up for review a conviction of the prosecutors under section 1 of the Disorderly Persons act. 2 *Comp. Stat., p.* 1926. The prosecutors were in a taxicab when stopped, and had in their possession $4,500 in worthless cashier's checks used admittedly as a "flash." They did not appear to have a fixed abode and could not give a good account of themselves.

Section 1 of the statute relates to paupers, beggars, family deserters, those who practice palmistry, vagabonds and other undesirables. No objection was made to the complaint and the men stood trial. The sufficiency of the charge cannot now be considered. *State* v. *Rosenblum,* 102 *N. J. L.* 125; 130 *Atl. Rep.* 614.

The record indicates that the prosecutors had flown from Washington to Newark to get a check, won in gambling on a Florida boat, certified. They could give no account of where they were going, and the home addresses which they gave were fictitious. The evidence indicates they were vagabonds. Webster's new International Dictionary defines a vagabond to be: "One who wanders from place to place, having no fixed dwelling, or, if he has one, not abiding in it; a wanderer, especially such a person who is lazy and generally worthless and without means of honest livelihood."

Obviously, these men fall within this definition. A conviction under the first section of the act can be sustained. The circumstance that they rode in a cab makes them no less vagabonds than if they went on foot. The big circumstance is that they had no fixed dwelling so far as can be discovered, and went about from place to place without visible means of support. Such persons are an obvious menace.

The statute was intended as a speedy means of dealing with those who traveled around without a fixed abode and without any visible means of support.

The judgment is affirmed.