ESSEX COUNTY COURT OF SPECIAL SESSIONS.

STATE OF NEW JERSEY, PLAINTIFF-APPELLEE, v. HARRY KNOWLES, DEFENDANT-APPELLANT.

Decided November 15, 1933.

For the plaintiff-appellee, *William A. Wachenfeld* (by *Leon W. Kapp,* prosecutor of the pleas).

For the defendant-appellant, *Howe & Davis.*

HARTSHORNE, J.  This is an appeal from a conviction of drunken driving under section 14, subdivision 3 of the Motor Vehicle act.  *Pamph. L.* 1921, *p.* 643.  The defendant rests his appeal solely on technical objections to the record below, having refused both at the trial below and at that here, to enter a defense on the merits, in order to obviate the possible waiver of his technical defenses under the rule laid down in *State* v. *Rosenblum,* 102 *N. J. L.* 125; 130 *Atl. Rep.* 614.

The alleged offense occurred May 14th, 1933, subsequent to the enactment of the supplement to the Motor Vehicle act. *Pamph. L.* 1933, *ch.* 27, *p.* 200.  This enactment radically changes the entire appellate procedure under the Motor Vehicle act, and a concurrent enactment (*Pamph. L.* 1933, *ch.* 96, *p.* 198) similarly alters the appellate procedure under the Traffic act.  In the first place, the previous appellate jurisdiction of the Common Pleas is transferred in its entirety to the Court of Special Sessions.  In the second place, the act provides that:

"Such appeal shall not operate to bring up the proceedings in the court appealed from for review, but shall operate as an application for a trial *de novo* and as a consent that said Court of Special Sessions may, during or before the trial, amend the complaint by making the charge more specific, definite, or certain, or in any other manner, including the substitution of any charge growing out of the same transaction or surrounding circumstances of which the tribunal appealed from had jurisdiction."

The act further provides that such appeal shall operate as a waiver of time limitation provisions, but that, if a new charge is made, the court shall give the defendant opportunity to defend. These last provisions are, evidently, upon the theory that there is no constitutional right to appeal (*Reetz* v. *Michigan,* 188 *U. S.* 508; *Lott* v. *Pittman,* 243 *Id.* 588), so that the legislature can grant same upon such conditions as it sees fit, even to include the institution of new proceedings upon reasonable terms.

The new statute clearly evidences the further legislative intent that none of the record below is to be reviewed on the Special Sessions appeal, the proceedings to be considered substantially as if begun anew. In other words, the legislature has wiped out the previous right of the convicted defendant to have technical objections considered, either on appeal to the Common Pleas or on *certiorari* to the Supreme Court, and has now confined him to *certiorari,* if he desires his technical objections to proceedings in the court below to be considered.

Such being the clear legislative intent of the act, adopted prior to the commission of the offense here involved, and the appeal being based solely upon such technical objections, the defendant's conviction is affirmed, and judgment may be entered accordingly.