THE STATE OF NEW JERSEY, PROSECUTOR-RESPONDENT, v. THEODORE COTTRELL, DEFENDANT-APPELLANT.

Submitted May 29, 1936—Decided October 2, 1936.

For the appellant, *Kenneth J. Dawes.*

For the respondent, *Erwin E. Marshall,* prosecutor of the Pleas of Mercer county, and *Augustus V. Gribbin.*

The opinion of the court was delivered by

PERSKIE, J. Defendant was arrested on the morning of September 3d, 1935, in Hamilton Township, Mercer county, New Jersey, and charged with operating a motor vehicle "while under the influence of intoxicating liquor" on a public highway in said township, contrary to subdivision 3, section 14, chapter 208, *Pamph. L.* 1921, *p.* 643, amended by chapter 171, *Pamph. L.* 1931, *p.* 368.

The complaint was made before C. R. Mulford, as "Acting Police recorder [of] Hamilton Township;" a warrant was issued; and on the same day (September 3d, 1935) defendant was adjudged guilty as charged. The complaint attached to the return appears to indicate that defendant "plead guilty." Defendant was sentenced to the county workhouse for ninety days and his driver's license was permanently revoked.

It should perhaps be noted that although the original complaint, warrant and conviction were signed by Mulford in the capacity of acting recorder, nevertheless, the copies of the conviction and commitment filed in the county clerk's office were erroneously signed by him as "Justice of the Peace."

In due season, defendant, pursuant to section 27, *Pamph. L.* 1931, *supra,* appealed from the judgment and sentence of the acting recorder. The notice of hearing on the trial of this appeal, addressed to the prosecutor of the Pleas of Mercer county by defendant's attorney, contained this erroneous statement, "I shall move to trial on appeal * * * before the Court of Common Pleas of the County of Mercer." It should have been noticed for trial before the Court of Special Sessions of that county. *Pamph. L.* 1933, *ch.* 97, *p.* 200.

On the day first set for the trial counsel for defendant moved to amend his own notice of trial to read, "in Special Sessions Court;" and also moved that the conviction be set aside and defendant adjudged not guilty. No reason is

made to appear upon which the latter motion was rested. The assistant prosecutor moved to amend the copy of the conviction and commitment filed so that the signature thereto would correspond with the originals, and as amended would read Mulford as acting recorder. The trial judge reserved decision on all motions.

At the adjourned and final day of trial the judge denied the motion to set aside the conviction and to adjudge the defendant not guilty. Thereupon defendant's counsel moved to withdraw his prior motion to amend the notice of hearing, as aforesaid. That motion was denied and the judge ordered that the notice of trial be amended as first requested; he granted the motion to amend the signatures to the conviction and commitment to read Mulford as acting recorder.

The cause proceeded to trial. Each party offered proof; each argued his cause. The trial judge adjudged the defendant guilty; he ordered that defendant be confined in the Mercer county workhouse for ninety days, and that his license be permanently revoked.

Defendant obtained a writ of *certiorari* to review both the conviction before the acting recorder, and the conviction before the Mercer County Court of Special Sessions. Compare *Woodhead* v. *State,* 102 *N. J. L.* 519; 134 *Atl. Rep.* 556.

At the argument on the writ, at the January term, 1936, the Supreme Court ordered that the writ be dismissed and that the record be remitted to the Mercer County Court of Special Sessions to be proceeded with in accordance with the practice of that court.

We pass the question as to whether the printed copy of that order is a proper substitute for the printing of a copy of the judgment of the court and sought to be reviewed, as required by rule 19 of this court (see *Kleinman* v. *Globe and Rutgers Fire Insurance Co.,* 111 *N. J. L.* 374, 375; 168 *Atl. Rep.* 648), and proceed with the determination of the meritorious question whether defendant was legally convicted. We think he was.

All of appellants grounds of appeal set down and argued, are based on technicalities only; and none of them is meritorious. They are substantially as follows:

*First:* (a) Mulford had no jurisdiction because he sat as a justice of the peace. This is not so. As already stated, the original complaint, warrant, conviction and commitment were, in fact, signed by Mulford in his capacity as "Acting Recorder." The original papers, so indicating, were produced at the trial; Mulford himself testified, we are told, that he presided as "Acting Recorder." The trial judge had ample power to amend the copy of the conviction and commitment filed to disclose the true fact. "It shall be lawful for the Court of Common Pleas in any appeal brought before it at all times to amend all defects and errors for the purpose of determining on the trial of any appeal the merits of the said case." Section 28, *Pamph. L.* 1931, *p.* 379; see, section 2, *Pamph. L.* 1933, *supra.* The amendment did not harm defendant; it certainly was not fatal. Compare *Woodhead* v. *State, supra.*

(b) Even if Mulford sat as acting recorder, he was disqualified because he was not an attorney-at-law. Chapter 223, *Pamph. L.* 1907, *p.* 540. Not so. It is conceded that, under section 25 of the act of 1931, *supra,* an acting recorder properly appointed and qualified has jurisdiction to hear and determine complaints under the Motor Vehicle act. It is interesting to observe that chapter 223, *Pamph. L.* 1907, does not expressly repeal *Pamph. L.* 1886, *p.* 125 (section 31, 3 *Comp. Stat., p.* 3980). Under the latter act the recorder is given the power to appoint a justice of the peace as acting recorder. But we need not pursue this question. For, it is said, and stands uncontradicted, that Mulford was appointed acting recorder by a resolution of the township, apparently during the temporary absence of the recorder. Under the principle of "apparent authority" Mulford was a *de facto* officer. Thus his acts are valid as to the public, whom he represents, and as to third persons, with whom he acts officially, notwithstanding that there was a want of power to appoint him in the person or body which professed to do so. *Erwin* v. *Jersey City,* 60 *N. J. L.* 141; 37 *Atl. Rep.* 732; see, also, *State* v. *Profita,* 113 *N. J. L.* 330; 174 *Atl. Rep.* 548; *affirmed,* 114 *N. J. L.* 334, 340; 176 *Atl. Rep.* 683.

*Second:* Finally, the Court of Special Sessions had no

jurisdiction because defendant appealed to the Common Pleas Court and not to that court. What has already been written concerning the latitude and broad powers which the legislature has vested in our courts, under our Motor Vehicle act, to amend "all defects and errors" so that an appeal should be determined on the merits and not on mere technicalities, is sufficient answer to this objection. It may not, however, be out of place to re-state briefly the adjective and substantive law applicable on the review of cases of this class.

In reviewing a conviction of drunken driving, under the same section of the then act of 1921 (*Pamph. L.* 1921, *ch.* 208, *p.* 643), the Supreme Court, in *State* v. *McCarty,* 99 *N. J. L.* 64; 125 *Atl. Rep.* 138 (1923), before Mr. Justice Kalisch, held that a person so convicted has a choice of three methods of reviewing the conviction; first, by an appeal to the Court of Common Pleas; second by a summary review of the legality of the conviction by a justice of the Supreme Court; and third, by a writ of *certiorari.* But, "he was not entitled to experiment with all three."

Thus when, as here, the record discloses no challenge by defendant to the jurisdiction of the court in the first instance; as already stated, he did, in fact, plead guilty there, and that defendant appealed from that conviction to the Court of Special Sessions and there went to trial on the merits, he cannot now be heard to complain of any defect in the conviction or commitment. If any such defect existed he waived it. *State* v. *Rosenblum,* 100 *N. J. L.* 240; 126 *Atl. Rep.* 852; *affirmed,* 102 *N. J. L.* 125; 130 *Atl. Rep.* 614; *State* v. *Baker,* 102 *N. J. L.* 349; 133 *Atl. Rep.* 785; *State* v. *Paerles,* 10 *N. J. Mis. R.* 355; 159 *Atl. Rep.* 701; *Goodman* v. *Eggers,* 11 *N. J. Mis. R.* 811, 812; 168 *Atl. Rep.* 317; *State* v. *Knowles,* 11 *N. J. Mis. R.* 913; 169 *Atl. Rep.* 35; *State* v. *Rowe,* 116 *N. J. L.* 48, 50; 181 *Atl. Rep.* 706. The only conviction of which he can now complain is that of the Court of Special Sessions. *Newbury* v. *Lawrence,* 4 *N. J. Mis. R.* 267; 132 *Atl. Rep.* 306; *State* v. *Baker, supra.* This is especially so since the enactment of *Pamph. L.* 1933, *supra;* *Kluszek* v. *State,* 115 *N. J. L.* 105; 178 *Atl. Rep.* 632; see, also, *State* v. *Knowles, supra.*

The order of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.