377 P.2d 194

Ernest RALLS, Petitioner,

v.

The JUSTICE COURT of the State of Arizona IN AND FOR the SEDONA PRE-CINCT COUNTY OF COCONINO; Elmer Purtyman, Justice of the Peace of Sedona Precinct Coconino County, Arizona; James F. Brierley, Justice of the Peace of Flag-staff Precinct Coconino County, Arizona, and Robert W. Warden, County Attorney in and for Coconino County, Arizona, Respond-ents.

No. 7716.

Supreme Court of Arizona,

En Banc.

Dec. 19, 1962.

McKesson, Renaud & Cook, by Fred J. Pain, Jr., Phoenix, for petitioner.

Robert W. Warden, County Atty., Coconino County, by Jerry L. Smith, Flagstaff, for respondents.

UDALL, Vice Chief Justice.

This matter is before us on a petition by Ernest Ralls for a writ of mandamus, or in the alternative a writ of prohibition, to compel the respondents to dismiss the criminal complaint filed in the justice court of the Sedona precinct, county of Coconino, Arizona, No. 1990; or to prohibit any further prosecution by the state against petitioner by reason of said criminal complaint and the matters contained therein.

The record shows that a complaint was filed against the petitioner in the justice court of Sedona precinct, Coconino county, Arizona, on the 20th day of November, 1961, which was stated in two counts for violation of the game laws under A.R.S. § 17–309(C). Count 1 alleged the unlawful possession of an elk; count 2 the unlawful possession of a hunting tag belonging to another.

Two jury trials were held in the matter, the first on the 14th of February 1962 and the second on April 4, 1962. At the conclusion of each trial the jury were unable to agree on a verdict and in each instance they were discharged from further consideration of the case.

A motion to again set the matter for trial was filed on April 5, 1962, a copy of which was mailed to the attorney for the petitioner on the same day. A request was made in the motion that the matter be heard on the 17th of April, 1962. The original motion, filed on April 5th, could not be found in the files of the justice of the peace and apparently was lost.

On the 21st day of April 1962 the county attorney filed a motion for a change of venue. This motion was granted and the venue changed to the justice court of the Flagstaff precinct in Coconino County, Arizona.

On the 25th day of June 1962 a motion to have the case set for trial was filed in the justice court of the Flagstaff precinct. A hearing on said motion was held on the 3rd of July 1962, and a third trial was set for August 14, 1962. On July 26, 1962, the justice of the peace notified the petitioner by letter of the date and time of said hearing, and thereafter no objection was made to this trial setting.

On the 3rd of August 1962 the petitioner filed a writ of prohibition in the Superior Court of Coconino County to prohibit the justice court of the Flagstaff precinct from further trying said petitioner, on the grounds that his constitutional rights had been violated in that he had been denied the right to a speedy trial. On August 10, 1962 the Superior Court vacated the

trial setting of August 14, 1962 before the justice of the peace and the court took the other matters under advisement. On stipulation of counsel in open court on August 10th it was agreed that within two weeks from the date of the ruling of the court on the petition for a writ of prohibition and in the event the writ were denied the matter would be set for trial in the justice court of the Flagstaff precinct. It was further agreed that if the writ were denied, the date of the trial before the justice of the peace would be subject to that court's approval. The writ of prohibition was denied on the 30th day of August, 1962, by the Superior Court of Coconino County and thereafter the petitioner filed with this court an application for a writ of mandamus or, in the alternative, a writ of prohibition.

Petitioner contends in his application that Rule 236 of the Rules of Criminal Procedure, 17 A.R.S., applies to criminal proceedings in the justice courts [1] and that he has been deprived of a speedy trial as provided for in that rule.

Rule 236, in pertinent part, reads as follows:

"* * * [W]hen a person has been indicted or informed against for

an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. * * *"

It is the contention of the state that the provisions of Rule 236 have no application in the justice courts since the rule specifically indicates that the 60-day period will start to run only after a person has been "indicted or informed against for an offense." We concur in the state's contention. In the case of State v. Maldonado, 92 Ariz. 70, 373 P.2d 583, 586 (1962), we held that "Rule 236 on its face applies only 'when a person has been held to answer for an offense' and/or 'when a person has been indicted or informed against for an offense.'" In the instant case the petitioner had not been "held to answer" nor has he been "indicted or informed against for an offense." Such is not the procedure in a court not of record. Arizona Rules of

---

1. A.R.S. § 22–313: "The rules of criminal procedure for the superior court, including the provisions regarding bail, issuance of subpoenas and punishment for disobedience thereof shall apply to justice of the peace courts so far as applicable and when not otherwise prescribed."

Criminal Procedure 78;[2] A.R.S. § 22–311(A)[3].

We recognize that the Arizona Constitution, article II, section 24, A.R.S., provides in part that:

"In criminal prosecutions, the accused will have the right * * * to have a speedy public trial * * *."

However, we note that in this instance there was no lack of due diligence on the part of the officers in prosecuting this action against petitioner. Two trials were held and no objection was made that they were unduly delayed. Furthermore, petitioner's own action contributed in part to the running of a more than normal length of time between April 4th, the end of the second trial, and July 26th, the date of the notice of trial setting in the Flagstaff precinct. See People v. Tenedor, 107 Cal.App.2d 581, 237 P.2d 679 (1951); and Morland v. United States, 10 Cir., 193 F.2d 297 (1951).

A review of the record shows that at the conclusion of the first trial in February the petitioner specifically requested that the trial be set after May 1, 1962. The request is set forth in petitioner's answer to plaintiff's motion to set for trial dated February 26, 1962, and the record does not disclose that this request was ever withdrawn. In addition to this, the stipulation entered into in open court between the petitioner and the state before the judge of the superior court on the 10th day of August, 1962, stated that the case could be set for trial within two weeks from the date the court ruled on the then pending application for a writ of prohibition, and it further provided that if the court denied the writ the date for setting the trial would be made with approval of the justice court. This stipulation binds the petitioner to proceed with the defense as agreed. Under the circumstances of this case the petitioner's constitutional right to a speedy trial has not been violated.

The application of the petitioner for a writ of mandamus, or in the alternative a writ of prohibition, is denied.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS, and LOCKWOOD, JJ., concur.

2. "A. Every felony and every misdemeanor of which the superior court has original jurisdiction shall be prosecuted by indictment or information, and every misdemeanor may be prosecuted by indictment or information.

"B. Subsection A of this Rule shall not apply when the proceedings are had for the removal of civil officers of any district, county, town or municipal officers, or where offenses arise in the militia when in actual service, or when offenses are tried in justice's recorder's or police courts." Ariz.Rules Cr.Proc. 78.

3. "A. All proceedings and actions before justice of the peace courts for public offenses of which such courts have jurisdiction shall be commenced by complaint, under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable defendant to understand distinctly the character of the offense complained of and to answer the complaint." A.R.S. § 22–311(A).