436 P.2d 627

**STATE of Arizona, Appellant,**

v.

**Charlie WESLEY, Appellee.**

**No. 2 CA–CIV 444.**

Court of Appeals of Arizona.

Jan. 29, 1968.

---

David Dingeldine, City Prosecutor, by Richard W. Morris and William Hildebrandt, Asst. City Prosecutors, Tucson, for appellant.

Herbert E. Williams, Tucson, for appellee.

KRUCKER, Judge.

This appeal by the City of Tucson involves the question of the right to a speedy trial. Art. 2 § 24, Arizona Constitution, A.R.S., provides, among other things, that one charged with a crime is entitled to a speedy trial. This constitutional provision

is supplemented by Rule 236, Rules Crim. Proc., 17 A.R.S., which provides, *inter alia:*

"*  *  * when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit  *  *  *."

The record on appeal does not contain a copy of any of the proceedings in the city court and we have no record of the same. We do not have a transcript of the proceedings in the superior court and the hearing in that court relative to its issuance of the peremptory writ of prohibition. A minute entry of the superior court discloses that there were arguments as to the rule and that testimony was taken from witnesses, but we have no transcript of that testimony.

■ Nor do we have a copy of the superior court record in the case of State v. Mass (referred to later in this opinion) and we cannot take judicial notice of the *Mass* file. Patch v. Buros, 2 Ariz.App. 585, 410 P.2d 703 (1966). In order to give the proper background, it is necessary to recite briefly the facts as alleged in appellant's brief.[1] Appellee was arrested on November 5, 1966 and charged with a violation of A.R.S. § 28–692, driving while under the influence of intoxicating beverages. He was arraigned on November 6, 1966 and admitted to bail the following day.

Trial was set for Friday, December 23, 1966 to the court without a jury. On November 28, 1966 appellee's counsel requested a jury trial and the case was reset for February 1, 1967. Prior to the trial date, it is alleged, the superior court of Pima County, issued an order to show cause on January 25, 1967 in the case of State v. Mass, returnable February 3, 1967 challeng-

---

1. The appellee objects to appellant's statement of facts as erroneous; however, there is no record before this court on which an accurate statement of facts can be substantiated.

ing the jury selection system in the magistrate courts in the City of Tucson. As a result of this action, all jury trials in the city court, including appellee's, were removed from the active calendar and placed "on call."

On April 25, 1967 appellee moved for dismissal on the grounds of lack of a speedy trial. This motion was denied by the city court on May 5, 1967. It will be noted that six months had already elapsed from the date of arrest.

Appellee then applied to superior court for the writ of prohibition, subject matter of this appeal, which was issued on July 5, 1967. The peremptory writ read in part as follows:

> "AND IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the aforesaid alternative writ of prohibition entered in the case be and hereby is made PERMANENT, and Respondents are thereby absolutely restrained forever from any further proceedings in City Court cause number 377338."

The question before us is whether the appellee was denied a speedy trial in the city court and whether or not the constitutional provision, Art. 2, § 24, and the provisions of Rule 236, Rules Crim.Proc., 17 A. R.S., apply.

Appellant relies upon Ralls v. Justice Court etc., 92 Ariz. 347, 377 P.2d 194 (1962) and State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962) as controlling. We believe that these two cases can be distinguished. In *Ralls* and *Maldonado,* our Supreme Court clearly held that Rule 236 does not apply to justice courts and by inference would not apply to police courts.

It is our opinion that these two cases are not controlling here. The Supreme Court did not hold that there was no constitutional guarantee of a speedy trial but rather that such guarantee is not violated in the absence of prejudice to a defendant. As stated in *Maldonado:*

"It is because there was a complete absence of any resulting prejudice to defendant's right to a fair trial that the judgment of conviction should be and is affirmed." 92 Ariz. at 77, 373 P.2d at 587.

In the case before us, there seems to be actual prejudice. Appellee claims that one eye witness who would have testified at the trial is now deceased and there certainly was no excuse for waiting in excess of six months to summon a jury and hold his trial. Because of the long delay and the possible, if not actual prejudice to the appellee, we hold that the provisions of Art. 2 § 24, Arizona Constitution, have been violated. The superior court had the benefit of testimony, which is not before us, and decided the question in appellee's favor. There being no showing of abuse of discretion, its determination should be sustained.

The judgment is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.