17 N.J. Super. 587 (1952)
86 A.2d 425
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT.
v.
RALPH MANGINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 2, 1952.
Decided January 28, 1952.
*589 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Ralph Mangino, pro se.
Mr. Theodore D. Parsons, Attorney-General of New Jersey (Mr. Eugene T. Urbaniak, Deputy Attorney-General, appearing), for the respondent.
PER CURIAM.
Ralph Mangino was sentenced to the State Prison on April 21, 1948, for a term of not less than five nor more than seven years. On May 18, 1951, he filed a petition in the Mercer County Court for the issuance of a writ of habeas corpus. The petition was denied on June 5, 1951, and he appeals.
The petition seeks the writ on the grounds (1) that the conviction is void because no warrant issued authorizing the arrest, because he was detained and interrogated by the police and not immediately arraigned, and because his rights were allegedly not properly safeguarded by counsel assigned by the court to his defense; and (2) that he is being illegally denied a parole or commutation of his sentence.
The failure to issue a warrant authorizing an arrest is a defect curable by waiver. Cf. State v. Giberson, 99 N.J.L. 85 (E. & A. 1923); State v. O'Toole, 115 N.J.L. 205 (E. & A. 1935), cert. den. 296 U.S. 613, 80 L.Ed. 435 (1935); see State v. Keller, 137 N.J.L. 637 (Sup. Ct. 1948); State v. Baker, 102 N.J.L. 349 (E. & A. 1926). The record does not disclose whether Mangino was sentenced on a plea of guilty or plea of non vult or *590 whether after trial. But, in any case, he submitted to the jurisdiction of the court without questioning the propriety of his arrest. In that circumstance he waived the alleged omission to issue a warrant and he may not now complain of the defect.
Mere detention and interrogation without immediate arraignment, standing alone, are not fatal to the conviction. Even assuming the application of Rule 2:3-3(a), which became effective after Mangino was sentenced, nothing is alleged in the petition as to the length of the delay or the nature of the interrogation suggesting that there was unnecessary delay in arraigning him or that he was in any way substantially prejudiced. Cf. State v. Pierce, 4 N.J. 252 (1950); State v. Miller, 16 N.J. Super. 251 (App. Div. 1951).
The attack upon the services of assigned counsel is not supported in the petition by any allegations of the particulars as to counsel's alleged failure to safeguard Mangino's rights. Mangino's brief intimates that the basis of his complaint is counsel's alleged failure to secure expert medical testimony bearing on abnormal sexual behavior, which testimony might have been presented in mitigation or exculpation of Mangino's conduct in committing the sodomy of which he was convicted. There is no showing, however, that facts existed indicating the pertinency of such testimony, let alone that there were funds available to defray the expense of the employment of such experts or in what other manner their employment was to be arranged. In any event, there is nothing whatever alleged to suggest that counsel was unfaithful to the assignment. See 14 Am. Jur., Crim. Law, sec. 174, p. 888, and cases cited.
Appellant cannot complain that he has been illegally denied a parole and a hearing on parole. He is classified as a fourth offender ineligible at this time for consideration for parole. Section 12 of chapter 84 of the Laws of 1948, the Parole Act (R.S. 30:4-123.12). He admits in the petition that he previously served sentences for burglary in *591 California in 1927, for breaking and entering in New Jersey State Prison in 1937, and for atrocious assault and battery in New Jersey State Prison in 1942. These admissions support the Parole Board's action in classifying him as a fourth offender. White v. Parole Board of the State of New Jersey, 17 N.J. Super. 580 (App. Div. 1952). While under section 37 of the 1948 act he "retains all rights of eligibility for parole available to him under any pre-existing law," he is ineligible for parole under the provisions of the earlier statute, R.S. 30:4-106.2.
Finally, his complaint that the Governor denied his application for commutation of his sentence is not for our consideration. The exercise of executive clemency is exclusively the Governor's province. Const. 1947, art. V, sec. II; L. 1948, c. 83 (R.S. 2:196A-1), now superseded by L. 1951, c. 344 (N.J.S. 2A:167-1). The Governor's denial of executive clemency is not reviewable by any court.
Affirmed.