Merrimack, Jan. 6, 1953. } No. 4172.

STATE *v.* GEORGE MIHOY.

*Gordon M. Tiffany*, Attorney General and *Atlee F. Zellers*, county solicitor (*Mr. Zellers* orally), for the State.

*William G. McCarthy* (by brief and orally), for the defendant.

KENISON, C. J.   In the early morning of November 2, 1951, during a routine inspection the police found a "coin juke box machine lying on the ground in the snow" near the door of Louis' Diner. There were "jimmy marks" on the door and the glass was broken. Inspection of the inside of the diner disclosed an open window in the rear of the diner and that the "juke box machine itself . . . had been jimmied open." Photographs and plaster casts of the footprints in the snow outside the diner showed the name "Ritz" in the middle of the heel and also showed a deeper impression in the snow on the outside of the sole of the shoe.   When the defendant was arrested the shoes he was wearing had a "Ritz" heel and corresponded in shape and marking to the photographs and plaster casts that were taken of the footprints outside the diner.

There was evidence from a female companion of the defendant

that he had no money the evening of November 1 and that he gave her twenty dollars and two or three dollars in quarters, dimes and nickels on the morning of November 2. The owner of the diner testified that the coin box contained approximately two dollars in nickels, dimes and quarters.

Since there were no fingerprints to implicate the defendant and he was not placed inside the diner by any eye-witness, it is urged that his motion for a directed verdict of not guilty should have been granted. It is a well settled proposition that crimes involving theft may be proved by circumstantial evidence. *State* v. *Burley,* 95 N. H. 77; Underhill, Criminal Evidence (4th *ed.*) 1202; *State* v. *Gobin,* 96 N. H. 220, 222. Photographs and other reproductions of footprints and shoe marks were properly admissible to show their correspondence with the shoes that were worn by the defendant at the time of his arrest. Anno. 31 A. L. R. 204; Scott, Photographic Evidence (supp.) *s.* 716, note 70. The trademark "Ritz" on the heel of the footprints outside the diner and on the heel of the shoe worn by the defendant, together with the distinctive impression made by the outside sole of the shoes worn by the defendant, were competent evidence for the jury on the identity of the defendant. See *State* v. *Thorp,* 86 N. H. 501, 503, 507; III Wig. Ev. (3rd *ed.*) *s.* 795. The lack of money immediately prior to the commission of the crime and the possession of money immediately thereafter, particularly two dollars in quarters, nickels and dimes, was a circumstance that connected the defendant with the crime although it was by no means conclusive. I Wig. Ev. (3rd *ed.*) *s.* 154; anno. 123 A. L. R. 119. While all the evidence in this case was not as strong as it was in *State* v. *LaVerne,* 83 N. H. 419, it was sufficient circumstantial evidence to warrant the finding by the jury of the defendant's guilt beyond a reasonable doubt. *State* v. *White,* 91 N. H. 109, 113.

In the argument to the jury the solicitor stated that "there wasn't any question but what they were his [defendant's] shoes; not any question of his possibly denying that these were his shoes." Since the defendant on direct examination of his counsel admitted that the shoes introduced as a State's exhibit were taken from him an hour after his arrest and that they were his shoes, this was fair comment on the evidence.

The defendant produced no witnesses but testified in his own behalf. Upon cross-examination he was asked to relate his previous record for breaking and entering, accessory to breaking and enter-

ing and armed assault. The evidence was offered to impeach the defendant's veracity and was limited by the Court "purely on the question of his credibility, and that alone." Subsequently the jury were instructed that these convictions were not evidence of guilt in this case. This was not error. R. L., c. 392, s. 35; State v. LaVerne, 83 N. H. 419, 420; State v. Travis, 82 N. H. 220; State v. Sturtevant, 96 N. H. 99, 105.

Recent commentators are in substantial agreement that the present statutory law of burglary is in need of alteration. "The definition of the crime is fraught with meaningless distinctions and aimless definitions." Note, A Rationale of the Law of Burglary, 51 Col. L. Rev. 1009, 1030. The breaking and entering of "any building" and the actual commission of larceny therein is punishable by a maximum of five years (R. L., c. 453, s. 3) while the breaking and entering of any "shop, store or warehouse" with only the intent to commit larceny calls for a maximum of fifteen years. R. L., c. 453, s. 2. Whether a particular structure, such as the diner in the present case, is intended to be included under section 2 or section 3 is by no means clear. Of all the forty-eight states, it has been said that the "New Hampshire statute is one of the most complicated. . . ." Note, Statutory Burglary—The Magic of Four Walls and a Roof, 100 U. Pa. L. Rev. 411, 423. However that may be the defendant was sentenced under R. L., c. 453, s. 3, which has a maximum penalty of five years rather than section 2 which calls for fifteen years. The benefit of the doubt having been exercised in the defendant's favor, it is unnecessary to decide whether he could have been sentenced under section 2. See State v. Fogg, 92 N. H. 308, 309, 310.

The defendant was taken to the Concord police station the evening of November 6th but was not brought before the municipal court until 9 A. M. of November 8th. This exceeded the length of detention prescribed by R. L., c. 423, s. 30. State v. George, 93 N. H. 408, 416. The failure of the police to obtain authority from the municipal court to extend the period of detention beyond twenty-four hours from the time of the defendant's arrest, as the statute permits, does not automatically void the conviction in the Superior Court. Stroble v. California, 343 U. S. 181, 197. This is not a case where the prosecution is using a confession which is a product of an illegal detention (anno. 19 A. L. R. (2d) 1331) but one where the detention in no way affected the outcome of the trial in the Superior Court. Failure to comply with R. L., c. 423, s. 30,

without more, is not cause to reverse the conviction in this case.

An examination of the entire transcript and the exhibits in this case shows the trial to have been fair and free from prejudicial error and the order is

*Exceptions overruled.*

All concurred.