302 P.2d 261

**STATE of Arizona, Appellee,**

v.

**Alvin Clarence THOMAS, Appellant.**

No. 1086.

Supreme Court of Arizona.

Oct. 16, 1956.

Benjamin Lazarow and Lawrence Ollason, Tucson, for appellant.

Robert Morrison, Atty. Gen., L. Alton Riggs, Asst. to the Atty. Gen., Raul Castro, Pima County Atty., and H. E. Rogge, Jr., Deputy County Atty., Tucson, for appellee.

WINDES, Justice.

Alvin Clarence Thomas was in separate counts charged and convicted of the crime of committing a lewd and lascivious act, a felony, and the crime of contributing to the delinquency of a minor, a misdemeanor. On appeal to this court we reversed the conviction on the felony charge and affirmed the conviction on the misdemeanor. State v. Thomas, 79 Ariz. 355, 290 P.2d 470. In that decision in reciting the facts, we erroneously stated that the defendant was sentenced to imprisonment in the state prison on the felony and in the county jail on the misdemeanor. The true fact is that the defendant was sentenced to the state prison on both counts, the sentences to run concurrently. No error was assigned in this court questioning the validity of the sentence to the state prison on the misdemeanor conviction.

Upon the case having been thus disposed of in this court, the county attorney moved to set aside the original sentence and resentence the defendant. The trial court sentenced the defendant to not less than eleven nor more than twelve months in the county jail. Pending the first appeal and until the second sentence the defendant was on bail, and is on bail during this appeal.

Defendant now appeals from the action of the court in resentencing him, claiming that if the state wished to question the validity of the original sentence, it should have done so by cross-appeal the first time the case was in this court and that by the resentence the trial court changed and modified the mandate of this court on the first appeal.

■ Contributing to the delinquency of a minor is a misdemeanor and the penalty as to imprisonment is not to exceed one year in the county jail. Section 43–1008, A.C.A.1939, A.R.S.1956, section 13–822. When the statute prescribes imprisonment in the county jail the court has no jurisdiction to impose a sentence in the state prison and his action in attempting to do so is void. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; State v. Dooly, 14 Wash.2d 459, 128 P.2d 486.

■ Defendant seems to contend that since this court has heretofore affirmed the conviction on the misdemeanor charge, it likewise affirmed the sentence and to allow the trial court to resentence the defendant would permit that court to modify or change the judgment and mandate of this court. With this we cannot agree.

The validity of the sentence was never presented to nor passed upon by this court. Its validity not having been brought to our attention we assumed the sentence was in the county jail and so stated. When a void judgment is appealed and affirmed without an adjudication as to whether it is void, the affirmation does not prevent subsequently questioning its validity on that ground. Pioneer Land Co. v. Maddux, 109 Cal. 633, 42 P. 295; Wilson v. Montgomery, 14 Smedes & M., Miss., 205. It would seem that if the affirmance closes the book on the question of validity of the sentence, the affirmance would establish the validity of a void sentence and the defendant could not question the same. This is not and cannot be the law. In re Bonner, supra. Our conclusion is that the defendant having been legally convicted and an illegal sentence having been imposed, the trial court had the jurisdiction and it was its duty thereafter, irrespective of the former judgment of this court, to legally sentence the defendant.

■ Defendant contends that under the provisions of Rule 336, Rules of Criminal Procedure 1956, Rules Cr.Proc. 389, section 44–2222, A.C.A.1939, it was the duty of the court to receive evidence concerning mitigating circumstances prior to imposing sentence. This rule provides that upon suggestion of either party that there are circumstances which may properly be taken into consideration, the court shall hear evidence as to such circumstances. We have searched the record and failed to find therein any suggestion by the defendant that there were mitigating circumstances concerning which the court was required under this rule to receive evidence. It is stated in defendant's reply brief that the court refused to hear facts concerning mitigation which statement implies that it had been suggested that he do so, but we feel defendant should present a record of the lower court showing affirmatively he had complied with the rule by making the appropriate suggestion which would require the court to comply with the rule.

Affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.