373 P.2d 583

STATE of Arizona, Appellee,

v.

Ernest Paul MALDONADO, Appellant.

No. 1240.

Supreme Court of Arizona.

En Banc.

July 13, 1962.

Robert W. Pickrell, Atty. Gen., by Stirley Newell, Asst. Atty. Gen., Harry Ackerman, County Atty. Pima County by Sidney L. Kain, Deputy County Atty., the State of Arizona, appellee.

Eugene B. McKay, of Tucson, for appellant.

UDALL, Vice Chief Justice.

Ernest Paul Maldonado stands convicted of first degree burglary. His sole "ground of appeal" [1] is predicated .on the fact that 79 days elapsed between his arrest on March 8, 1961 and his first [2] pre-

---

1. Ariz.Sup.Ct.Rule 20, 17 A.R.S.
2. Defendant was shot in the course of his arrest on March 8, 1961. The next day he was jailed and a criminal complaint filed against him. He was finally taken before a committing magistrate on May 29, 1961 at which time he was held to answer and his bond set in the amount of $10,000. On June 15, 1961 an information was filed against him and on June 27th he was arraigned, at which time defense counsel was appointed and his plea of not guilty entered. On July 31, 1961 Maldonado filed and on August 1, 1961 unsuccessfully argued a motion to dismiss the prosecution. On August 2, 1961 his court appointed attorney filed another mo-

tion to dismiss which was granted. The order granting the motion to dismiss ordered defendant released but gave leave to the State to refile against him. Later in the same day (August 2, 1961) a new complaint was filed, and before defendant could be checked out at the jail he was rearrested and promptly given another preliminary hearing. At this second preliminary hearing a motion to dismiss was again signed and again denied. A new information was filed on August 3, 1961 followed by arraignment on August 8th and the trial on August 29th. Just before trial on the 29th another motion to dismiss was argued and denied. Defendant was found guilty the next day and his mo-

liminary hearing on May 29, 1961. Specifically he contends that the delay, without more, violated his right to a "speedy" trial under the Arizona Constitution (ARIZ. CONST. art. 2, § 24, A.R.S.) and deprived him of that due process of law guaranteed him by Article 2, section 4 of the Arizona Constitution and the 14th Amendment of the Constitution of the United States.

■ Section 13–1418 of the Arizona Criminal Code enjoins an officer who has arrested a person without a warrant to "* * * take the person arrested before the nearest or most accessible magistrate in the county in which the arrest occurs * * *" "* * * *without unnecessary delay* * * *." (Emphasis added.) That a flagrant violation of this statute has occurred in this instance is not open to argument. Indeed the State candidly admits that defendant "* * * was unlawfully incarcerated and also admits that had he desired to seek relief by way of habeas corpus * * * a writ would have issued."

It appears, however, that during the 79 day period of illegal detention defendant did not request counsel or make any attempt to secure his release. Nor does the record indicate that defendant made any confession or that he was even questioned in regard to a confession during his prolonged wait for

commitment by a magistrate. Thus the question here presented is whether the illegal detention, alone, (1) denied defendant a speedy trial and/or (2) deprived him of due process of law.

*Speedy Trial*

An accused's right to a speedy trial was recognized by Magna Carta—"To no one will we sell, to no one deny or delay, right or justice." An early (14th Century) procedure effectuating this right was the common law commission of gaol delivery whereby the English jails were emptied twice a year and the prisoners either convicted or discharged. See generally, United States v. Fox, 3 Mont. 512, 515–516 (1880); People v. Den Uyl, 320 Mich. 477, 486–487, 31 N.W.2d 699, 703 (1948). The right was further implemented by the English Habeas Corpus Act of 1679 (31 Car. II, ch. 2) which provided:

"6. That every person committed for treason or felony shall, if he requires it the first week of the next term, or the first day of the next session of *oyer* and *terminer,* be indicted in that term or session, or else admitted to bail: unless the king's witnesses cannot be produced at that time: and if acquitted, or if not indicted and tried in the second term, or session, he shall be

tion for new trial denied on September 6, 1961. He is now serving a 10–15 year sentence in the Arizona State Prison the

term running from the date of his incarceration—March 8, 1961.

.discharged from his imprisonment for such imputed offence * * *." 3 Bl. Comm. 136–37 (1825).

See also Petition of Provoo, 17 F.R.D. 183, 196–197 (D.C. Md.), aff'd, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955).

"The constitutional right of a defendant charged with crime is to a speedy trial, and this primarily had to do with his personal liberty as being the one and efficient means by which he should not, for an undue time, be left to languish in jail, and thus be robbed of such part of his life." In re Begerow, 136 Cal. 293, 296, 68 P. 773, 774, 56 L.R.A. 528 (1902). Another important purpose of this fundamental guarantee is to enable an accused to effectively prepare his defense i. e. before time and failing memories leave witnesses dead, unavailable or useless. And a prompt trial eliminates at least some of the anxiety, harassment and unfavorable publicity suffered by the innocent as well as the guilty who await the outcome of pending charges. Finally " * * * it is de-

sirable that punishment should follow offence as closely as possible; for its impression upon the minds of men is weakened by distance, and, besides, distance adds to the uncertainty of punishment, by affording new chances of escape." Bentham, The Theory of Legislation 326 (Ogden ed. 1931).

■ At least forty-one states, including Arizona,[3] recognize the right to speedy trial by constitutional provision. 57 Colum. L. Rev. 846, 847 (1957). Rule 236 of our Rules of Criminal Procedure, 17 A.R.S. " * * * was intended to implement[4] the 'speedy trial' provision of the [Arizona] [C]onstitution * * *." State v. Churchill, 82 Ariz. 375, 378, 313 P.2d 753, 754 (1957). The Rule provides that:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within

3. ARIZ. CONST. art. 2, § 24 provides in part that: "In criminal prosecutions, the accused shall have the right to * * * a speedy public trial * * *."

4. Actually the predecessor of Rule 236 was law in territorial days. See sections 2138, 1158 and 1274 of the Penal Codes of 1887, 1901 and 1913 respectively. In Matter of Application of Von Feldstein, 17 Ariz. 245, 247–248, 150 P. 235, 236 (1915) Chief Justice Ross wrote that: "At the time of the adoption of this [constitutional guarantee of the right to a speedy trial] * * * paragraph 1274 of the Penal Code was in force, and had been in force

as the law of the territory of Arizona for a great many years. Its provisions, defining the time in which the trial must be had, unless good cause to the contrary be shown, or the postponement be upon the application of the defendant, were before the constitutional convention, and considered by it. After statehood this paragraph was carried forward into the Criminal Code. Thus we have an expression, both in the fundamental law and the statutory law, of what shall be considered a reasonable time within which a defendant charged with crime shall be tried."

sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. When good cause is shown, the action may be continued, in which event the defendant if bailable shall be released on bail either on his own recognizance or on the undertaking of sureties."

■ To effect the purposes underlying the constitutional provision this court follows the minority rule that an accused need not demand a trial in order to avail himself of the protection of Rule 236. State v. Carrillo, 41 Ariz. 170, 16 P.2d 965 (1932).[5] But Rule 236 on its face applies only "when a person has been held to answer for an offense" and/or "when a person has been indicted or informed against for an offense * * *."

■ Thus the contemporaneous [6] legislative implementation (Rule 236) of the constitutional provision defined speedy trial in terms of time elapsed after commitment by a magistrate rather than after arrest. And we may properly assume that the members of the Constitutional Convention intended that any unnecessary delay occasioned by failure of a police officer to promptly bring an arrested person before a magistrate was to be remedied *not* by dismissal of the prosecution but rather by punishing the offending officer. Sections 230, 140 and 132 of the 1887, 1901 and 1913 Penal Codes were practically identical to present day A.R.S. § 13–545 (1956) which provides that:

"An officer or other person who has arrested any person upon a criminal charge, who wilfully delays taking such person before a magistrate having jurisdiction of the charge for the purpose of an examination, is guilty of a misdemeanor."

■ Accordingly, we hold that in Arizona the right to a speedy trial as that term is legislatively defined in Rule 236 com-

5. In Carrillo this court affirmed an order dismissing the prosecution because the accused was not brought to trial within 60 days of the filing of the information. The state's contention that the defendant's failure to request a trial constituted excusable delay was rejected as follows: "As we read the law, defendant is not required to request a trial. He is not the moving party. It is the state that initiates the accusation, and any delay in its prosecution, except for most cogent reasons, is not contemplated or justifiable. If the state can excuse itself for not bringing the accused to trial because he did not request a trial, then the *onus* for celerity is shifted to the accused. There is no intimation in the law that the accused must request a trial before he may claim the right to be dismissed for failure on the part of the state to bring on the prosecution within the limit fixed by law." 41 Ariz. at 172, 16 P.2d at 966.

6. See note 4, supra.

mences at the time an accused has been "held to answer" by a magistrate. It follows the defendant's right to a speedy trial was not violated in this instance.[7]

### Due Process

■■ The United States Supreme Court has stated that denial of due process "as applied to a criminal trial \* \* \* is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it \* \* \* [the Court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial." Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1941). Thus, unless the preliminary delay in some way deprives an accused of a fair trial there is no denial of due process of law. This is the rule in the federal, Townsend v. Burke, 334 U.S. 736, 738, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Morse v. United States, 256 F.2d 280 (5th Cir. 1958); Blood v. Hunter, 150 F.2d 640 (10th Cir. 1945); cf. United States v. Mitchell, 322 U.S. 65, 70, 64 S.Ct. 896, 88 L.Ed. 1140 (1944); Lyons v. Oklahoma, 322 U.S. 596, 597 note 2, 64 S.Ct. 1208, 88 L.Ed. 1481 (1944), as well as in the state courts. Aaron v. State, 271 Ala. 70,

122 So.2d 360 (1960); State v. Thavanot, 225 Mo. 545, 125 S.W. 473 (1910); State v. Johnston, Mont., 367 P.2d 891 (1962); State v. Mihoy, 98 N.H. 38, 93 A.2d 661, 35 A.L.R. 2d 852 (1953); State v. Mangino, 17 N.J. Super. 587, 86 A.2d 425 (1952); State v. Lumley, 83 Okl.Cr. 430, 178 P.2d 629 (1947); Commonwealth ex rel. Nagle v. Day, 181 Pa.Super. 605, 124 A.2d 157 (1956); Rosenthal v. State, 200 Tenn. 178, 292 S.W.2d 1, cert. denied, 352 U.S. 934, 77 S.Ct. 222, 1 L.Ed.2d 160 (1956). Cf., State v. Jordan, 83 Ariz. 248, 320 P.2d 446, cert. denied, 357 U.S. 922, 78 S.Ct 1364, 2 L.Ed.2d 1367 (1958).

■■ Indeed, even where an accused is constitutionally guaranteed the right to be promptly taken before a magistrate the denial of that right does not warrant reversal of his conviction unless the delay somehow tainted the trial. People v. Stroble, 36 Cal.2d 615, 226 P.2d 330 (1951), aff'd, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872 (1952). Here, as already mentioned, defendant makes no contention that the delay deprived him of an opportunity to effectively prepare for or defend himself at the trial. In the absence of any resulting unfairness at the defendant's trial we cannot say that he has been denied due process of law.

---

**7.** In a situation such as this the defendant has more than the mere hope that the offending officer will be punished under section 13–545. For, in addition to immediate relief by way of habeas corpus, see generally 39 C.J.S. Habeas Corpus §§ 30, 31 (1944), one illegally incarcerated has the civil remedy of an action for false imprisonment. Dragna v. White, 45 Cal.2d 469, 289 P.2d 428 (1955).

Nothing in this opinion, however, should be construed to indicate this court's condonation of the abuse of authority committed in this case. It is because there was a complete absence of any resulting prejudice to defendant's right to a fair trial that the judgment of conviction should be and is affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.