418 P.2d 372

**STATE of Arizona, Appellee,**

v.

**Ronald Wayne TUGGLE, Appellant.**

**No. 1655.**

Supreme Court of Arizona,
In Division.

Sept. 29, 1966.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., for appellee.

Michael A. Bosco, Jr., Phoenix, for appellant.

McFARLAND, Justice:

Ronald Wayne Tuggle, hereinafter referred to as defendant, was convicted of robbery in violation of A.R.S. § 13–641, and was sentenced to serve not less than six nor more than eight years in the Arizona State Prison. From the judgment and sentence he appeals.

In May of 1962 defendant, who was at that time eighteen years of age, left his parents' home in California and arrived in Arizona in the company of a juvenile girl.

On or about May 16, 1962, he entered the Cork and Bottle liquor store in Aguila, Arizona, and with a drawn pistol ordered the proprietors, J. E. and Rachel Robinette, to stand back while he took $178.48 from the cash register.

Defendant had committed the crime of robbery in California within a few days of the robbery in Arizona, and on the same spree, is alleged to have committed a similar crime in Nevada. The California authorities apprehended him first. He was sentenced to serve from five years to life for the crime committed in California and was incarcerated in the Dual Vocational Training Institution in Tracy, California, for three years. Upon his release from that institution he was taken into custody by the Maricopa County Sheriff's office and brought to Arizona. The warrant for his arrest had been issued on June 18, 1962, and was returned on June 25, 1965. Defendant pleaded guilty and was sentenced to serve not less than six nor more than eight years in the Arizona State Prison. Defendant and his counsel were present at the sentencing and defendant's counsel made a statement at that time. After sentence defendant secured his present counsel who made a motion for "reconsideration of sentence and vacating thereof" which related facts presented in this appeal in regard to mitigation of sentence. The court denied the motion. Defendant does not in this appeal contend the court erred in denying this motion.

The first question presented is whether defendant was denied the right to a speedy trial. The complaint was filed and the

warrant issued on June 18, 1962, and the judgment of conviction was not until September 15, 1965.

 The rights of an accused to a speedy trial are guaranteed by Article 2, § 24, of the Arizona Constitution[1] and the 14th Amendment to the Constitution of the United States of America. The question of denial of the right to a speedy trial resulting from a delay in prosecution was considered by this court in Palmer v. State, 99 Ariz. 93, 407 P.2d 64. In that case, a federal prisoner in Leavenworth, Kansas petitioned this court for a writ of habeas corpus, asking for dismissal of prosecution on two counts of robbery pending in the Superior Court of Arizona. The petitioner contended, among other things, that he had been deprived of the fundamental right to a speedy trial because of failure of the State of Arizona and the County of Maricopa to prosecute actively or grant a preliminary hearing for eighteen months. We there reaffirmed our holding in State v. Maldonado, 92 Ariz. 70, 373 P.2d 583, cert. denied, 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed. 2d 236, that the right to a speedy trial attaches at the time the accused is held to answer, and found no deprivation of this right by the delay in prosecution antecedent to petitioner's being held to answer. As the prosecution was conducted with dispatch in compliance with the applicable rules subsequent to defendant's commitment, Palmer v. State, supra, is controlling in the determination of the question in the instant case and we find no denial of defendant's right to a speedy trial. We held in both Palmer v. State, supra, and State v. Maldonado, supra, that the underlying question is whether a defendant under such circumstances has been deprived of due process of law. The acts complained of must be of such a quality as to necessarily prevent a fair trial. The delay must have deprived defendant of the opportunity to effectively prepare for, or defend himself, at the trial.

Defendant pleaded guilty to the charge and there is no showing that the acts complained of deprived the accused of a fair trial. Also, by entering a plea of guilty to the charge defendant thereby waived any question in regard to his right to a speedy trial or due process of law. State v. Alford, 98 Ariz. 124, 402 P.2d 551; U. S. ex rel. Pizarro v. Fay (C.A. 2), 353 F.2d 726; Rafferty v. State, 29 Wis.2d 470, 138 N.W.2d 741; Woods v. Rhay, Wash., 414 P.2d 601; Wheeler v. State, S.C., 147 S.E.2d 627.

Defendant further claims the trial court erred in not providing a proper hearing on matters relative to the mitigation of sentence. Rule 336, Rules of Criminal Procedure, 17 A.R.S., provides:

"When the court has discretion as to the penalty to be inflicted on the defendant, it shall, upon suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the circumstances summarily in open court, either immediately or at a special time and upon such notice to the adverse party as the court directs, or the court may inquire into such circumstances of its own motion."

Defendant does not contend that a suggestion to hear evidence was made at the time of sentencing. There is no reporter's transcript of the proceedings, but the minute entries show that defendant and his counsel were present and that counsel made a statement to the court.

 The record does not show a request for hearing before sentencing or a suggestion by either party that there were circumstances which required evidence. We do not find the court abused its discretion in not ordering a hearing before sentence. State v. Thomas, 81 Ariz. 124, 302 P.2d 261.

The third and final question presented by counsel for defendant is that the sentence was excessive. He states the court did not at the time of the sentence have the

---

1. Art. 2, § 24, of the Arizona Constitution, A.R.S., provides: "In criminal prosecutions, the accused shall have the right to * * * a speedy public trial * * *."

benefit of all the mitigating circumstances and reiterates matters which he presented in the motion for reconsideration of the sentence. He states defendant was only 18 years of age at the time of the commission of the crime and had, at the time of the sentence in the instant case, served three years in the Dual Vocational Training Institution at Tracy, California, at which institution he was found to have been rehabilitated; that an operation upon his eye while he was incarcerated changed his personality which contributed to his rehabilitation; that he had made full restitution to the victims of the robbery in Arizona; that he had reimbursed the County of Maricopa for bringing him back to the State of Arizona; and had also paid the fees of the court-appointed counsel. A.R.S. § 13–1716 provides:

"§ 13–1716. Power of supreme court on appeal from judgment of conviction

"The supreme court may reverse, affirm or modify the judgment appealed from, and may grant a new trial or render any judgment or *make any order which is consistent with the justice and the rights of the state and the defendant.* On an appeal from an order made after judgment, it may set aside, affirm or modify the order or any proceeding subsequent to or dependent upon such order." [Emphasis added]

We have held in State v. Sims, 99 Ariz. 302, 409 P.2d 17, that this section of the Code gives this court broad power to make any order which is consistent with justice and the rights of the state.

While the lower court in the instant case did not abuse its discretion in failing to order a hearing before sentence, we are of the opinion that since the record does not show that the court was advised of all these matters before sentence, it is consistent with justice that we set aside the sentence and refer the case back for resentence in order that the court may have the opportunity of a hearing for the determination and consideration of all these circumstances before sentence.

Therefore the judgment of conviction is affirmed and the sentence is set aside. The case is remanded for further proceedings not inconsistent with this opinion.

STRUCKMEYER, C. J., and BERNSTEIN, V. C. J., concur.