427 P.2d 565

The STATE of Arizona, Appellee,

v.

Antonio JUAREZ, Appellant.

No. I CA–CR 87.

Court of Appeals of Arizona.

May 17, 1967.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

McGillicuddy, Johnson, Rich & Robbins, by Chris T. Johnson, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal by defendant, Antonio Juarez, from a conviction and sentence for the crime of illegal possession of marijuana, a felony.

Defendant's principal assignment of error is the denial by the trial court of a timely motion to quash the information and dismiss the case for the reason that defendant had been denied a speedy trial and was, in the early stages, improperly denied legal counsel in violation of his constitutional rights, Rules of Criminal Procedure and statutes of the state.

The pertinent facts briefly are: On May 24, 1965, the defendant was driving an automobile, with another person seated beside him, when the police gave chase to the car. When the officers stopped the automobile the other person had thrown some marijuana cigarettes out of the car. The defendant and this companion were then arrested and taken into custody by the police for the crime of illegal possession of marijuana. On the following day, May 25, the police signed a complaint before the Justice of the Peace, charging both with the offense of illegal possession of marijuana and warrants were issued for their arrest. The warrant of arrest for the companion was returned served the following day, May 26, and his preliminary hearing was set for July 12. On July 12 the companion was bound over for trial in the Superior Court. The warrant against defendant was not served until June 14, 1965, although defendant was in custody and available to the authorities all this time. He was brought before the Justice of the Peace the first time for arraignment on June 24, 1965, and the preliminary hearing was set for July 26, 1965. It appears that defendant had made a request to the Justice of the Peace for the assistance of counsel for the preliminary hearing which was set for July 26. By July 26 no attorney had been appointed. On July 27, at the request of the County Attorney, the preliminary hearing was reset for August 25, 1965. On August 25 defendant had not as yet been appointed an attorney and again, without any good cause shown, on motion of the County Attorney the preliminary hearing was continued to September 2. September 2 is the first point at which defendant was represented by counsel. At that time, before the preliminary hearing started, this attorney asked for dismissal because of the untimely delay of over two months without a preliminary hearing, in violation of the rules. The record shows there was a delay of over three months from the time of arrest until the appointment of counsel. During this time three continuances were made without any request by defendant, or without any good cause appearing.

After hearing, defendant was bound over to the Superior Court to answer the charge. Upon filing of the information a timely motion to quash and dismiss, based on the denial of counsel and delays, was made and denied. The defendant was thereafter tried, convicted and sentenced and this appeal followed.

Defendant sets forth many claimed irregularities in the handling of his case before the Justice of the Peace, which may be summarized as follows:

First, that he was arrested for the offense on May 24, 1965, and not taken before the Justice of the Peace until June 24, 1965, a month later, in violation of A.R.S. § 13–1418 which provides:

"An officer who has arrested a person without a warrant shall without unnecessary delay take the person arrested before the nearest or most accessible magistrate in the county in which the arrest occurs, and shall make before the magistrate a complaint, which shall set forth the facts showing the offense for which the person was arrested."

Secondly, that continuances of the preliminary hearing were in excess of six days in violation of Rule 20, Rules of Criminal Procedure, 17 A.R.S. which provides in part as follows:

"No postponements shall be for more than two days, nor shall the postponement in all exceed six days except for good cause."

Lastly, that he had been denied the appointment of counsel and a speedy trial in violation of his constitutional and statutory rights, citing in particular the 6th and 14th Amendments to the Constitution of the United States, and Article 2, Section 24, Constitution of Arizona, A.R.S.

Our Supreme Court in State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962) cert. denied, Maldonado v. Eyman, 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed.2d 236,

has passed upon some of the questions raised in this case. In Maldonado the Court held that the right to a speedy trial as required by our constitution, rules and statutes commences at the time defendant is held to answer by a magistrate, and that such right was not violated by the failure to bring the defendant promptly before the magistrate for preliminary hearing after his arrest as set forth in A.R.S. § 13–1418; that the remedy for such unnecessary delay is found in A.R.S. §§ 13–545 and 13–1418, rather than a dismissal of the action. Also see State v. Tuggle, 101 Ariz. 216, 418 P.2d 372 (1966); State v. Pruett, 101 Ariz. 65, 415 P.2d 888 (1966). Following the same reasoning, we would hold that the failure to follow Criminal Rule 20, supra, regarding continuances of a preliminary hearing would not alone warrant a dismissal any more than a violation of § 13–1418, unless it would affect the outcome of a trial and amount to an unconstitutional deprivation of rights.

There is, however, a more serious problem in this case; that is, whether defendant's failure to have the assistance of counsel during the period involved until the last minute before the preliminary hearing, together with the delays and continuances, is of sufficient prejudice to require a reversal.

■ The combination of circumstances of delay, denying defendant appointment of counsel for such a long period and continuances of preliminary hearings without cause, particularly when the cause against a co-defendant proceeds in the regular manner, compels us to hold that defendant was prejudiced in the trial court's failure to grant the motion to quash and dismiss and at that time consider the question of the refiling of charges. Had defendant been represented by counsel at the time of the delays and continuances, or had agreed to them, our decision might be different since we could well hold that the long delay did not impair defendant's ability to defend himself. A defendant charged with a crime is entitled to counsel. State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964); Leonard v. Eyman, 1 Ariz.App. 593, 405 P.2d 903 (1965); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1962); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1964); Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

■ Rules and statutes are enacted for a purpose and are to be followed. Unless there be legal justification for nonadherence to their provisions, justice demands their application to all alike. We can find no valid reason for disregarding the rules in this case while before the justice court. As the record stood before the trial court showing the failure of representation, denials and delays before the preliminary hearing, it was incumbent upon the trial court to grant the defendant's motion to quash and dismiss and at that time determine the question of the refiling of charges. Thus the defendant would be afforded the same protection, representation and adherence to the laws intended to be accorded all persons.

Reversed and cause remanded to the Superior Court for the granting of the motion to quash and dismiss and determination of refiling of charges consistent with this opinion.

CAMERON, C. J., and STEVENS, J., concur.