492 P.2d 1217

**STATE of Arizona, Appellee,**

v.

**Billy Joe WHITE, Appellant.**

**No. 1 CA-CR 269.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 27, 1972.

Rehearing Denied Feb. 24, 1972.

Review Denied April 18, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee; George Dix, Tempe, of counsel.

Ross P. Lee, Public Defender, by William Carter, Anne Kappes, Deputy Public Defenders, Phoenix, for appellant.

EUBANK, Judge.

Appellant was convicted of burglary in the first degree and sentenced to a term of five to six years in the state prison. On appeal he contends that he was denied his right to a speedy trial and that his constitutional rights were violated at his jury trial by the testimony of a witness for the State who commented on appellant's failure to testify on his own behalf. We are unable to sustain either contention and the judgment of conviction and sentence is affirmed.

On July 24, 1969, at approximately 2:18 a. m., a city of Phoenix police unit responded to a silent alarm which was tripped at the Food State Market, located at 3202 East Broadway in Phoenix. During their search of the perimeter of the building an officer, seeing the appellant in a window of the store, entered the building with the owner and other officers and, after a search, found the appellant lying on the floor in a corner of the building. The officers discovered that a hole had been forced through the concrete brick wall of the store and found six cases of liquor belonging to the store within a hundred feet of the hole. Appellant was arrested and a criminal complaint charging him with burglary in the first degree (A.R.S. §§ 13–301, 13–302) and grand theft (A.R.S. §§ 13–661, 13–663) was filed against him and a warrant of arrest was issued on July 24, 1969.

Appellant's first contention that he was denied a speedy trial has two bases. First, that he was not taken before a magistrate without unnecessary delay (four days after his arrest) as required by A.R.S. § 13–1418;[1] and second, that his preliminary examination or hearing was not held until

1. § 13–1418.
    A. An officer who has arrested a person without a warrant shall without unnecessary delay take the person arrested before the nearest or most accessible magistrate in the county in which the arrest occurs, and shall make before the magistrate a complaint, which shall set forth the facts showing the offense for which the person was arrested.

August 5, 1969, a period of eight days subsequent to his appearance before the magistrate and twelve days subsequent to his arrest, while Rule 20,[2] Rules of Criminal Procedure, 17 A.R.S., indicates a lesser time is required. Appellant in his opening brief recognizes that the law is against him in advancing this contention and acknowledges that,

". . . there is Arizona case law holding that the right to speedy trial commences only after he [defendant] is held to answer, and that his remedy for unnecessary delay is to accuse the arresting officer of violating A.R.S. § 13–545. See State v. Juarez, 5 Ariz.App. 431, 427 P.2d 565; State v. Maldonado, 92 Ariz. 70, 373 P.2d 583."

He suggests, however, that we reconsider the holding in the two cases and arrive at a contrary conclusion, i. e., that the right to a speedy trial attaches at the time of arrest. Appellant's approach cannot be sustained because we are bound by precedent and we must apply the law declared by our Supreme Court. The issue here was settled by the Supreme Court in State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962), cert. denied, Maldonado v. Eyman, 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed. 2d 236 (1962), when they held that a 79-day delay between arrest and preliminary hearing did not constitute a denial of a speedy trial guaranteed under Article 2, Section 24 of the Arizona Constitution, A.R.S., because this right, as defined in Rule 236, Rules of Criminal Procedure, 17 A.R.S., commences at the time that the defendant is held to answer by the magistrate. In accord see State v. Tuggle, 101 Ariz. 216, 418 P.2d 372 (1966), and State v. Juarez, 5 Ariz.App. 431, 427 P.2d 565 (1967). In the case at bar the appellant was held to answer on August 5, 1969. The information was filed on September 4, 1969, the day of his arraignment, at which time he entered his plea of not guilty to each

charge. The trial commenced on October 21, 1969. The time elements certainly comply with Rule 236, supra, which reads as follows:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. When good cause is shown, the action may be continued, in which event the defendant if bailable shall be released on bail either on his own recognizance or on the undertaking of sureties."

It is clear that appellant was not denied his right to a speedy trial.

Appellant next contends that his right to remain silent was adversely affected at the trial by the following questions asked by the prosecutor and answered by the arresting officer:

"BY MR. PARKS: Q After you found the defendant, what did you do?

A I approached him from the backside of him, Officer Claborn approached him from the feet side. I advised him he was under arrest for burglary and for him to stand up. After repeated number of times telling him to stand up, he did stand. We got him to his feet. I had one of the officers—I don't remember which one—cuff him. As he was being cuffed *I immediately advised him of his rights, his constitutional rights.*

2. Rule 20.
The magistrate may for good cause postpone the examination. If no postponement is had, the examination shall be

completed at one session. No postponement shall be for more than two days, nor shall the postponements in all exceed six days except for good cause.

Q  After you advised him, what did you do?

A  We removed him from the area that he was in to an aisle which is approximately, oh, eight or ten feet from where he was at.  There we were searching him.  Cain—I instructed—or, I don't know if I instructed or not, but anyway *Officer Claborn again advised him of his full right, reading from a card so he would fully understand and know it.*"  (Emphasis added).

■  Under both federal law (Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)) and Arizona law (State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (1966); State v. Villalobos, 6 Ariz.App. 144, 430 P.2d 723 (1967)), a direct or indirect comment upon the failure of the defendant to testify or give evidence at the trial violates his Fifth Amendment rights under the United States Constitution and his Article 2, Section 10 rights under the Arizona Constitution.

■  Appellant in his brief and at oral argument merely advances the general legal proposition that such comment would be reversible error.  He does not specifically analyze the allegedly reprehensible comment in order to demonstrate to this Court its inherent evil.  We have reviewed Sergeant George Bears' testimony numerous times, both out of context and in context with the entire record, and in our opinion there was no comment made either directly or indirectly on the appellant's right to remain silent or on his failure to make any statement.  Sergeant Bears' testimony that ".  .  .  I immediately advised him of his rights, his constitutional rights.", and that, ".  .  .  Officer Claborn again advised him of his full right, reading from a card so he would fully understand and know it.", clearly related only to the United States Supreme Court's warnings required of arresting police officers under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  There was thus no violation of either the Griffin or Acosta rule.

Judgment is affirmed.

HAIRE, P. J., and JACOBSON, J., concur.