504 P.2d 976

**The STATE of Arizona, Appellee,**
**v.**
**Melvin Eugene JACKSON, Appellant.**
**No. 2 CA–CR 306.**

Court of Appeals of Arizona,
Division 2.

Jan. 9, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Peter Van Orman, Tempe, for appellee.

Charles W. Stokes, Casa Grande, for appellant.

HATHAWAY, Chief Judge.

This is an appeal from a judgment and order of commitment finding defendant, Melvin Eugene Jackson, guilty of violating A.R.S. § 31–232, in that while an inmate in the Arizona State Prison he was found in possession of a deadly weapon.

The facts are undisputed. Defendant was charged with a violation of A.R.S. § 31–232 in a complaint filed in justice court on January 10, 1972. On January 12, 1972, the defendant initially appeared before the magistrate and was informed of his rights; the defendant requested a preliminary hearing and a court appointed attorney. The preliminary hearing was set for January 19, 1972, and bond was set at $1,650.00.

**54**

On January 13th the superior court appointed counsel for defendant and the preliminary hearing was reset for March 29, 1972. On March 29, 1972, defendant objected to his court appointed counsel on the grounds that he had not spoken with counsel prior to the time set for the hearing and therefore the hearing was again reset. New counsel was appointed and the preliminary hearing was conducted on April 7, 1972.

As a result of the delay in setting the preliminary hearing the defendant filed motions to dismiss both in justice court and in superior court upon the basis that he had been deprived of the right to a speedy trial by reason of the actions of the prosecution and the Justice of the Peace in postponing the preliminary hearing. The appeal is from the denial of the motion and presents several contentions which we will discuss *seriatim*.

■ Has defendant been denied the right to speedy trial? We answer in the negative since the right to speedy trial commences at the time the defendant is held to answer by the magistrate, State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962), and such right is not violated by failure to bring defendant promptly before a magistrate for the preliminary hearing.[1]

■ Secondly, defendant contends that Rule 20, Rules of Criminal Procedure, 17 A.R.S., has been violated in that more than the specified six days had elapsed. Rule 20 provides:

"Postponement of examination

No postponement shall be for more than two days, nor shall the postponements in all exceed six days except for good cause."

We find that Rule 20 was violated in the case at bench, however this in itself is not grounds for reversal unless there is a showing that this delay affected the outcome of the trial and amounted to an unconstitutional deprivation of rights. State v. Juarez, 5 Ariz.App. 431, 427 P.2d 565 (1967). We have reviewed the record and find no prejudice to have resulted from the delay; nor has defendant asserted any prejudice.

The Justice of the Peace was not impressed with defendant's motion since at the time of the arrest and the subsequent proceedings the defendant was in prison serving a sentence for a prior conviction. This was not a justifiable reason for failure to comply with Rule 20, however the judgment must stand since no prejudice was shown from the delay. State v. Maldonado addressed itself to an unjustifiable delay as follows:

"Nothing in this opinion, however, should be construed to indicate the court's condonation of the abuse of authority committed in this case. It is because there was a complete absence of any resulting prejudice to defendant's right to a fair trial that the judgment of conviction should be and is affirmed." 92 Ariz. at 77, 373 P.2d at 587.

■ The defendant also contends that there was insufficient evidence to sustain a verdict of guilty on the charge of violating A.R.S. § 31–232. The evidence included testimony of an eyewitness who personally took the weapon from the defendant within the prison cell block and this in itself would justify the guilty verdict.

Affirmed.

KRUCKER and HOWARD, JJ., concur.

---

1. The defendant has other remedies for the failure of the authorities to bring him promptly before a magistrate any time prior to the time he is held to answer by the magistrate. *See* State v. Maldonado, op. cit.