NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

REBECCA LOYA, *Petitioner*.

No. 1 CA-CR 15-0814 PRPC
FILED 8-10-2017

Petition for Review from the Superior Court in La Paz County
No. S1500CR201100205
The Honorable Michael J. Burke, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

La Paz County Attorney's Office, Parker
By Karen L. Hobbs
*Counsel for Respondent*

Carr Law Office PLLC, Parker
By Sandra Carr
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

**T H U M M A**, Chief Judge:

¶1            Petitioner Rebecca Loya seeks review of the superior court's order denying her petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Loya has shown no such error, this court grants review but denies relief.

¶2            Loya purchased alcohol and consumed it while she drove from Texas to California. At some point, Loya stopped at a rest area, threw away empty beer bottles and resumed driving. Other drivers saw Loya driving erratically and aggressively before she crashed into the rear of another vehicle, killing two children, while in Arizona.

¶3            A jury found Loya guilty of two counts of second degree murder, two counts of aggravated assault and two counts of extreme driving under the influence. The court imposed concurrent prison terms, the longest being 16 years for the murder convictions. On direct appeal, this court affirmed Loya's convictions and sentences. *State v. Loya*, 1 CA-CR 13-0586, 2014 WL 2902248 (Ariz. App. June 24, 2014) (mem. dec.). In doing so, this court reviewed for fundamental error several purported instances of prosecutorial misconduct at trial. *Id.* at ¶¶ 7-19. Although this court found some of the prosecutor's opening statements "troubling," and that some of his closing arguments were improper, this court concluded that none of the improprieties either alone or cumulatively so infected the trial with unfairness as to amount to reversible error. *Id.* ¶¶ 10-11, 16-19; *see also State v. Hughes*, 193 Ariz. 72, 79 ¶ 26 (1998) ("To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the

_____

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

resulting conviction a denial of due process.") (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

¶4          Loya timely sought post-conviction relief, arguing trial and appellate counsel were ineffective. In her petition as supplemented, Loya asserted trial counsel: (1) failed to object to several instances of prosecutorial misconduct; (2) failed to move to preclude the admission of Loya's statements made after she invoked her rights pursuant to *Arizona v. Miranda,* 384 U.S.436 (1966); (3) failed to interview witnesses other than the accident reconstructionist; (4) failed to consult expert witnesses concerning fibromyalgia and its effect on perception, judgment and reasoning; (5) failed to present relevant information about emotional factors that affected Loya's mental state; (6) reserved opening statement until the close of the State's case; (7) failed to make relevant statements and helpful comments in his opening statement and closing argument; (8) failed to adequately explain to the jury the culpable mental states of criminal negligence, reckless, and extreme reckless and relate them to Loya's physical and mental conditions; (9) failed to call expert witnesses at the sentencing hearing; (10) failed to provide any reasonable defense; (11) was ill during the trial; (12) smelled of alcohol on the breath; (13) failed to prepare Loya to testify at trial; (14) failed to object to the prosecutor's "badgering" of Loya during trial; and that (15) appellate counsel failed to raise certain issues of prosecutorial misconduct. The superior court found the first two issues were precluded and, for the remaining issues, that Loya failed to present colorable claims for relief. After Loya unsuccessfully sought reconsideration, this timely petition for review followed.

¶5          Loya argues the superior court erred in finding her claims precluded or not colorable. Regarding the latter, Loya limits her claims of trial counsel's purported ineffectiveness to his failure to (1) consult fibromyalgia expert witnesses and then relate her fibromyalgia symptoms to her mental state at the time of the offenses; and (2) adequately explain for the jury the differences between criminal negligence, recklessness, and extreme recklessness.

¶6          Any claim that was or could have been raised on direct appeal or in an earlier post-conviction relief proceeding is precluded, except for claims raised under 32.2(b). Ariz. R. Crim. P. 32.2(a). To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). If a defendant fails to make a sufficient showing on either prong of the

*Strickland* test, the superior court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶7        Loya is correct that she could not have raised ineffective assistance of counsel claims on direct appeal regarding trial counsel's failure to object to instances of alleged prosecutorial misconduct. But this court addressed in Loya's direct appeal the substantive instances of misconduct and concluded misconduct did not occur or Loya did not suffer prejudice. Given those conclusions, Loya either cannot show that trial counsel's failure to object fell below objectively reasonable standards, or alternatively, that she suffered resulting prejudice. Because both showings are necessary to state a colorable claim of ineffective assistance of counsel, the court did not err in dismissing Loya's failure-to-object claim. Although the superior court dismissed this claim on preclusion grounds, this court may affirm a result on any basis supported by the record. *See State v. Robinson,* 153 Ariz. 191, 199 (1987); *see also State v. Valdez*, 160 Ariz. 9, 14-15 (1989) ("Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel. . . . Nor is every failure to object to an improper question, exhibit, or argument worthy of being called ineffective assistance of counsel.").[2]

¶8        Turning to Loya's allegation that ineffective assistance occurred as a result of trial counsel's failure to challenge the admissibility of her "post-invocation" statements, Loya does not indicate what those statements were. In any event, she admits that this court concluded misconduct did not occur because the prosecutor did not refer to Loya's statements as a comment upon her exercising her constitutional rights. Absent such a comment, trial counsel's failure to challenge the admissibility of those statements did not fall below objectively reasonable standards. *Cf. State v. White*, 16 Ariz. App. 279, 282 (1972) (noting a direct or indirect *comment upon* defendant's failure to testify or give evidence at trial violates

---

[2] Loya also argues "there were numerous additional comments and arguments that constitute misconduct that were not preserved by objection nor were addressed on direct appeal." Loya, however, does not identify what those "additional comments and arguments" were. Instead, Loya improperly attempts to incorporate by reference arguments raised in her supplemental petition for post-conviction relief and her reply to the State's response. A petition for review may not present issues through mere incorporation by reference. Ariz. R. Crim. P. 32.9(c)(1)(iv) (requiring petition to contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices").

his or her constitutional rights). Accordingly, because Loya failed to raise a colorable claim of ineffective assistance of counsel on this basis, the superior court properly dismissed this claim.

¶9         The superior court also did not err in dismissing Loya's ineffective assistance claim relating to trial counsel's failure to consult with fibromyalgia experts and to use such expert evidence to explain her mental state at the time of the offense. In dismissing the Rule 32 proceeding, the superior court found that Loya could not prove prejudice because:

> Loya's voluntary consumption of alcohol in an amount to have her BAC between 0.185 and 0.241 at the time of the collision would extremely undermine any evidence concerning fibromyalgia, how alcohol helps alleviate some of its symptoms and its effect on her mental state at the time of the collision.

Loya does not explain how the superior court erred in making this finding.[3] Given the superior court's superior position vis-à-vis this court to evaluate what effect, if any, the proffered evidence would have had on the jury, this court cannot conclude that the court abused its discretion.

¶10         The superior court similarly found Loya was not prejudiced by whatever inadequacy resulted from defense counsel's explanation to the jury of the applicable mental states. The court reasoned as follows:

> The jury was read the jury instructions regarding . . . all of the relevant mental states at the opening of the trial as well as at the end of the trial. The jury deliberated for approximately three hours and forty-five minutes before reaching their verdict. The sole issue at trial was

---

[3] Instead, Loya refers to the court's pre-trial denial of the State's motion to preclude evidence of Loya's emotional frame of mind and fatigue at the time of the collision as indicative of the court's "rul[ing] that the issue was relevant." Loya presents no authority supporting her apparent argument that the court's in limine ruling regarding the admissibility of general evidence pertaining to Loya's emotional state and fatigue indicates a ruling on the admissibility of expert fibromyalgia evidence. *State v. Moody*, 208 Ariz. 424, 452 ¶ 9 (2004) ("Merely mentioning an argument is not enough.").

the mental states. Thus it can be assumed that the jury [spent] ample time in discussing the differences between these mental states. The jury sent out a question, asking for a copy of the police report, but never asked for any clarification o[r] additional explanation concerning the mental states.

¶11 Loya argues "[t]he fact that the jury was provided instructions regarding the various mental states and then deliberated for nearly four hours does not conclusively establish that the jurors understood the difference between the complicated legal terms." Loya, however, does not identify any facts, record support or legal authority to support her claim. A petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citations to the record. Ariz. R. Crim. P. 32.9(c)(1)(iv) (Petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices."). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id*.

¶12 Because Loya has failed to establish an abuse of the superior court's discretion in dismissing her petition for post-conviction relief, this court grants review but denies relief.

